Bruce D. Praet SBN 119430
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX, et al., ) | NO. 1:14-cv-00799 GSA |
| Plaintiff, ) | |
| ) | **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS CITY OF FRESNO AND CHIEF JERRY DYER** |
| v. ) | |
| CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as Chief of Police for the CITY OF FRESNO, ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW, Defendants City of Fresno and Chief Jerry Dyer, and answering the unverified Complaint for themselves alone and pursuant to *F.R.Civ.P.,* Rule 8, admit, deny and allege as follows:

1. As to the Introduction of Plaintiffs' Complaint, Defendants deny the allegations therein.

2. For answer to paragraph one, Defendants admit that jurisdiction and venue are proper.

3. For answer to paragraph two, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

4. For answer to paragraph three, Defendants admit the allegations in said paragraph.

5. For answer to paragraph four, Defendants admit the allegations in said paragraph.

6. For answer to paragraph five, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

7. For answer to paragraph six, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

8. For answer to paragraph seven, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

9. For answer to paragraph eight, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

10. For answer to paragraph nine, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

11. For answer to paragraph ten, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

12. For answer to paragraph eleven, Defendants deny said paragraph has phrased.

13. For answer to paragraph twelve, Defendants deny said paragraph as phrased.

14. For answer to paragraph thirteen, Defendants deny the allegations in said paragraph.

15. For answer to paragraph fourteen, Defendants deny the allegations in said paragraph.

16. For answer to paragraph fifteen, Defendants deny the allegations in said paragraph.

17. For answer to paragraph sixteen, Defendants deny the allegations in sais paragraph.

18. For answer to paragraph seventeen, Defendants deny the allegations in said paragraph.

19. For answer to paragraph eighteen, Defendants deny the allegations in said paragraph.

20. For answer to paragraph nineteen, Defendants deny the allegations in said paragraph.

21. For answer to paragraph twenty, Defendants deny the allegations in said paragraph.

22. For answer to paragraph twenty-one, Defendants deny the allegations in said paragraph.

23. For answer to paragraph twenty-two, Defendants deny the allegations in said paragraph.

24. For answer to paragraph twenty-three, Defendants deny as phrased.

25. For answer to paragraph twenty-four, Defendants incorporate by reference all responses to paragraphs 1-23 above.

26. For answer to paragraph twenty-five, Defendants deny the allegations in said paragraph.

27. For answer to paragraph twenty-six, Defendants deny the allegations in said paragraph.

28. For answer to paragraph twenty-seven, Defendants deny the allegations in said paragraph.

29. For answer to Plaintiff's Prayer, Defendants deny same as well as all subparts.

## FIRST AFFIRMATIVE DEFENSE

30. As and for a first, separate and distinct affirmative defense, these answering Defendants allege that the Complaint fails to state a cause of action against any of these Defendants.

///

SECOND AFFIRMATIVE DEFENSE

31.  As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of Fresno employees referred to in the Complaint as such were, and are now duly qualified, appointed and acting officers of the Fresno Police Department and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

THIRD AFFIRMATIVE DEFENSE

32.  As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of Fresno and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Fresno and as peace officers for the State of California.

FOURTH AFFIRMATIVE DEFENSE

33.  As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiffs were due to and caused by the negligence and omissions of Plaintiffs and Plaintiffs' decedent to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and their decedent.

FIFTH AFFIRMATIVE DEFENSE

34.  As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his office, and not by reason of any unlawful acts or omissions by these Defendants.

///

///

## SIXTH AFFIRMATIVE DEFENSE

35.     As and for a sixth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were reasonable, proper, and legal.

## SEVENTH AFFIRMATIVE DEFENSE

36.     As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for his act or omission, exercising due care in the enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE

37.     As and for an eighth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for any injury caused by the act or omission of another person.

## NINTH AFFIRMATIVE DEFENSE

38.     As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him.

## TENTH AFFIRMATIVE DEFENSE

39.     As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

40.     As and for an eleventh, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was voluntarily consented to by the Plaintiffs and Plaintiffs' decedent.

///

## TWELFTH AFFIRMATIVE DEFENSE

41. As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs did not suffer any detriment or damage in any amount whatsoever or at all.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent Plaintiffs or Plaintiffs' decedent suffered any detriment, such was unavoidable.

## FIFTEENTH AFFIRMATIVE DEFENSE

44. As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by that degree of negligence found to exist as to other parties, but by the total of that degree of negligence or fault found to exist as to other persons or entities.

///

SIXTEENTH AFFIRMATIVE DEFENSE

45.     As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs has failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

SEVENTEENTH AFFIRMATIVE DEFENSE

46.     As and for an seventeenth, separate and distinct affirmative defense, these answering Defendants allege that public employees are immune from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

EIGHTEENTH AFFIRMATIVE DEFENSE

47.     As and for a eighteenth, separate and distinct affirmative defense, these answering Defendants allege that neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

NINETEENTH AFFIRMATIVE DEFENSE

48.     As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that the force, if any, used upon Plaintiffs' decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs' and Plaintiffs' decedent's unlawful acts and conduct.

TWENTIETH AFFIRMATIVE DEFENSE

49.     As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that if any force was used upon or Plaintiffs' decedent, said force was caused and necessitated by the unlawful acts of the Plaintiffs and Plaintiffs' decedent and was necessary and reasonable to protect the Defendants and others.

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

50.  As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that these Defendants had reasonable cause to believe that a public offense was being committed that and in their presence and that Plaintiffs' decedent had committed that and other public offenses.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

51.  As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that Defendants are not liable for a reasonable, but mistaken belief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

52.  As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with these Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

53.  As and for a twenty-fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were lawful and proper and that probable cause existed for the arrest and/or detention of the Plaintiffs' decedent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

54.  As and for a twenty-fifth, separate and distinct affirmative defense, these answering Defendants allege that the City of Fresno employees had probable cause to stop, detain and investigate the Plaintiffs' decedent and to use such force as was necessary to accomplish their lawful purpose being in all respects, reasonable, proper, necessary and legal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

55.  As and for a twenty-sixth, separate and distinct affirmative defense, these answering Defendants allege that none of these Defendants had any duty to

administer medical aid or assistance to Plaintiffs' decedent and, to the extent that any such duty existed, that all Defendants acted reasonably and without gross negligence or deliberate indifference.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

56. As and for a twenty-seventh, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs have no standing to bring this action and that they have failed to comply with the provisions of *California Civil Code* § 377 et seq.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

57. As and for a twenty-eighth, separate and distinct affirmative defense, these answering Defendants allege that the City of Fresno has and had no custom, policy or practice of violating the civil rights of any individual(s).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

58. As and for a twenty-ninth, separate and distinct affirmative defense, these answering Defendants allege that all Defendants were adequately trained, hired and retained as peace officers for the City of Fresno.

### THIRTIETH AFFIRMATIVE DEFENSE

59. As and for a thirtieth, separate and distinct affirmative defense, these answering Defendants allege that medical care was promptly summoned and provided to decedent.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

60. As and for a thirty-first, separate and distinct affirmative defense, these answering Defendants allege that no cause of action may be brought for "conspiracy" and that no such conspiracy existed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

61. As and for a thirty-second, separate and distinct affirmative defense, these answering Defendants allege that punitive damages may not be asserted against a public entity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

62. As and for a thirty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, these Defendants pray for judgment against the Plaintiffs herein as follows:

1. That the within Complaint be dismissed with prejudice;
2. That the Plaintiffs take nothing by way of this Complaint;
3. For attorneys' fees pursuant to 42 U.S.C. § 1988 and *Code of Civil Procedure*, §§ 1021.7 and 1038;
4. For costs of suit incurred herein; and
5. For such other relief as this Court may deem just and proper.

DATED: June 10, 2014                                FERGUSON, PRAET & SHERMAN
                                                                        A Professional Corporation

By:   /s/   Bruce D. Praet
Bruce D. Praet,
Attorneys for Defendants

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in the above-referenced matter.

DATED:  June 10, 2014                               FERGUSON, PRAET & SHERMAN
                                                                        A Professional Corporation

By:   /s/ Bruce D. Praet
Bruce D. Praet,
Attorney for Defendants