Bruce D. Praet SBN 119430
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California  92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX, et al., | NO. 1:14-cv-00799 GSA |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | |
| CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as Chief of Police for the CITY OF FRESNO, | Date:  Friday, March 6, 2015
Time:  9:30 am
Place:  Courtroom 10 |
| Defendants. | |

**1.     PREFATORY STATEMENT.**

Defendants certainly have no objection to Plaintiffs' request for leave to amend their complaint to:

1. Voluntarily dismiss Chief Dyer as a Defendant

2. Add the names of the two involved Fresno police officers in place of Doe Defendants, or even,

3. Add decedent's son as a Plaintiff with respect to any federal claims.

///

///

Instead, it is solely Plaintiffs' request to "add three state claims" which Defendants oppose since such claims are absolutely barred by the statute of limitations mandated by the applicable California Tort Claims Act.

**2.     ESSENTIAL FACTUAL AND PROCEDURAL BACKGROUND.**

Although Plaintiffs make several arguments addressing proposed amendments which are candidly unopposed, the only real issue before the Court is the fact that any proposed addition of state based causes of action are absolutely time barred.  As such, the following dates are essential:

- <u>March 7, 2014</u> - Plaintiffs' decedent, Veronica Canter was fatally shot by Fresno police officers when she advanced on them with a knife.
- <u>March 27, 2014</u> - Decedent's mother and step-father, Doris and Jerry Knox filed a timely tort claim in their individual capacity and as the Estate of Canter. [See: Doc. 18-2]
- <u>May 2, 2014</u> - The City of Fresno timely rejected the claim, giving notice that claimants had only six (6) months to commence suit on any state based causes of action. [See: exhibit "1" attached]
- <u>May 27, 2014</u> - Plaintiffs, Doris and Jerry Knox, filed a Complaint solely in their individual capacities, alleging only a single cause of action for violation of their own Fourteenth Amendment rights without any state causes of action. [See: Doc. 1 [exhibit "2"], copy attached for the Court's convenience.]
- <u>January 30, 3015</u> - Plaintiffs file current Motion for Leave to Amend seeking to add three state causes of action (almost nine months after their tort claim had been rejected and almost three months beyond the mandatory statute of limitations for such state causes of action).

///

///

### 3. LEAVE TO AMEND SHOULD BE DENIED WHEN THE PROPOSED AMENDMENTS WOULD BE FUTILE DUE TO THE APPLICABLE STATUTE OF LIMITATION.

Although *F.R.Civ.P., Rule 15(b)* is generally liberally applied to permit amendments to pleadings before trial, leave of court should not be granted when the proposed amendments are time barred by the applicable statute of limitations. *Trafalgar Power v. Aetna Life, 396 B.R. 584 (N.D.N.Y. 2008)* This is because it would be futile to grant leave to add causes of action which would immediately become subject to dismissal because of plaintiff's failure to comply with mandatory provisions of state claim requirements.  *McGee v. Dist. of Columbia, 646 F. Supp.2d 115 (D.C.D.C. 2009).*

This is precisely the problem Plaintiffs cannot overcome with respect to their untimely efforts to add three state causes of action.  Obviously well aware of the mandatory provisions of California's Tort Claim Act ( "TCA", *Government Code § 910, et seq*), Plaintiffs, Doris and Jerry Knox alone, in fact filed a timely tort claim on March 27, 2014, well within the required six months. [See: Doc. 18-2].  As further required by the TCA, the City of Fresno timely rejected the claim on May 2, 2014, [exh "1"], providing claimants with statutorily required and very explicit written notice that they must commence suit within six (6) month pursuant to *California Government Code §945.6(a)(1).*

Despite having clear notice of the six month statute of limitations applicable to any state based claims, Plaintiffs filed their lawsuit on May 27, 2014, with no state causes of action.  Instead, the Complaint set forth only a single federal cause of action alleging a violation of the Fourteenth Amendment rights of only Doris and Jerry Knox in their individual capacities.  Conspicuously missing from the Complaint was:

- any reference to any of Plaintiffs' now proposed state causes of action for "wrongful death", "negligence" or "battery".

- any allegation that Plaintiffs were acting in their representative capacity for decedent's estate.
- any alleged damages for injuries to decedent.

Ironically, Plaintiffs could have timely amended their original Complaint to add state causes of action at any time between the original filing on May 27, 2014, and the expiration of the mandatory six month statute of limitations on November 2, 2014. However, Plaintiffs inexplicably waited almost nine months (i.e. three months beyond the statute of limitations) to seek leave to add state causes of action. The six month statute of limitations applicable to state causes of action is mandatory and cannot be circumvented by *Rule 15(b)*. *State of Calif. v. Superior Court, 32 Cal.4th 1234, 1242 (2004); Javor v. Taggart, 98 Cal.App.4th 795 (2002)*. All of Plaintiffs' arguments addressing prejudice, bad faith and other issues analyzed under *Rule 15* are simply not relevant to causes of action which are absolutely and jurisdictionally time barred.

In addition to seeking leave to add state causes of action for Doris and Jerry Knox, Plaintiffs seek to assert these same state claims on behalf of decedent's previously undisclosed adult son, despite admitting that no timely claim was ever filed by the son. Although Plaintiffs argue that the son should be permitted to step into the shoes of the claim filed by Doris Knox in her capacity as representative of decedent's estate, the TCA mandates that each individual file a separate claim and heirs will not be permitted to substitute in place of a previous claimant. *Petersen v. Vallejo, 259 Cal.App.2d 757, 766 (1968)*.

The bottom line is that Plaintiffs simply cannot overcome the inescapable fact that their untimely attempt to add three state causes of action on behalf of any Plaintiff are absolutely time barred by the mandatory statute of limitations set forth in the TCA. *California Govt. Code §§ 945.6(a)(1)* and *950.2*.

///

///

**4.     CONCLUSION.**

As noted above, Defendants do not oppose (1) the voluntary dismissal of Chief Dyer or (2) the substitution of the two involved officers in place of "Doe" defendants.  Given the liberal application of *F.R.Civ.P., Rule 15,* Defendants also recognize that Plaintiffs are also likely to be granted leave to (1) add decedent's adult son as a Plaintiff in his individual capacity and even representative capacity (as to federal claims only) and, (2) to add one federal cause of action.

However, Plaintiffs simply cannot be permitted to add any state causes of action on behalf of any Plaintiff since they would be immediately subject to dismissal as time barred.

Dated: February 19, 2015              FERGUSON, PRAET & SHERMAN
                                      A Professional Corporation


                              By:     /s/    Bruce D. Praet
                                      Bruce D. Praet, Attorneys for
                                      Defendants