**EXHIBIT "2"**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

RECEIVED
CITY ATTORNEY

2014 MAY 29 AM 9:39

JERRY WAYNE KNOX, ET AL.,

V.

CITY OF FRESNO, ET AL.,

**SUMMONS IN A CIVIL CASE**

CASE NO: 1:14−CV−00799−−−GSA

CITY CLERK, FRESNO CA
2014 MAY 29 AM 9:35
RECEIVED

TO: **City Of Fresno, Jerry Dyer**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Arturo Jorge Gonzalez**
**Morrison & Foerster LLP**
**425 Market Street**
**San Francisco, CA 94105**

an answer to the complaint which is served on you with this summons, within **21** days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**MARIANNE MATHERLY**

CLERK

/s/ M. Verduzco

(By) DEPUTY CLERK

ISSUED ON 2014−05−27 11:34:07.0, Clerk
USDC EDCA

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify) : _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                     Date                            *Signature of Server*

                                              _____
                                              *Address of Server*

| | |
|---|---|
| 1 | ARTURO J. GONZÁLEZ (CA SBN 121490) |
| | AGonzalez@mofo.com |
| 2 | XIANG LI (CA SBN 291587) |
| | XLi@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, California  94105-2482 |
| | Telephone:  415.268.7000 |
| 5 | Fax:  415.268.7522 |
| 6 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| DORIS RAY KNOX; JERRY WAYNE KNOX, | Case No. _____ |
|---|---|
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION** |
| v. | |
| CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as a Chief of Police for the CITY OF FRESNO, | **[JURY TRIAL DEMANDED]** |
| Defendants. | |

COMPLAINT
Civil Case No. _____

Exhibit "2"

## INTRODUCTION

On March 7, 2014, Veronica Lynn Canter was shot and killed in a friend's living room by a Fresno police officer. The Fresno police officers' hasty and disproportionate response quickly escalated what began as a disagreement between friends into Ms. Canter's violent death. This lawsuit is brought on behalf of Ms. Canter's parents, Jerry Wayne and Doris Ray Knox. Through this lawsuit, Mr. and Mrs. Knox seek to effect change within the Fresno Police Department to reduce the chances of a similar tragedy happening again.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983. Venue is proper in the Eastern District of California, under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this judicial district.

## THE PARTIES

2. Plaintiffs in this case are:
   - Doris Ray Knox (Veronica Lynn Canter's mother); and
   - Jerry Wayne Knox (Veronica Lynn Canter's stepfather).

3. Defendant City of Fresno is a municipal corporation and a political subdivision of the State of California with the capacity to sue and be sued. The City of Fresno includes the Fresno Police Department.

4. Defendant Jerry Dyer is, and at all times mentioned herein was, the Chief of Police for Defendant City of Fresno. Chief Dyer is sued individually and in his official capacity.

5. The identity of the Fresno police officer who shot and killed Ms. Canter is not currently available to Mr. and Mrs. Knox. When Mr. and Mrs. Knox ascertain this information, they will amend this complaint accordingly.

6. Mr. and Mrs. Knox are informed and believe, and thereon allege, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that

each and every defendant is jointly and severally responsible and liable to the plaintiffs for the damages hereinafter alleged.

## GENERAL ALLEGATIONS

7. For several days leading up to March 7, 2014, Veronica Lynn Canter had been staying with her friend, Dag Lindbeck, in Apartment #101 of 1348 East San Bruno Avenue in Fresno County.

8. On March 7, 2014, at approximately 2:30 p.m., Mr. Lindbeck returned home from school. Shortly thereafter, Mr. Lindbeck and Ms. Canter got into a verbal disagreement.

9. At approximately 3:00 p.m., while Mr. Lindbeck was taking Ms. Canter's belongings out of the apartment to move her out, Ms. Canter locked herself inside. Mr. Lindbeck subsequently called 911 to report Ms. Canter as a trespasser.

10. At approximately 3:30 p.m., two Fresno police officers arrived at the apartment.

11. On information and belief, the police officers learned from Mr. Lindbeck that Ms. Canter had been behaving erratically that afternoon. The officers then spoke to Ms. Canter and confirmed that she was mentally distressed. Nonetheless, instead of seeking assistance from a negotiator skilled in handling situations involving mentally distressed individuals, the officers kicked down the front door to forcibly remove Ms. Canter from the apartment.

12. On information and belief, after a single failed Taser attempt, one of the officers pointed his gun at Ms. Canter, and without cause or justification, shot and fired several bullets into Ms. Canter's body. The officer shot Ms. Canter approximately six times. Ms. Canter was pronounced dead at 4:08 p.m.

13. This is the latest in a string of deadly officer-related shootings by the Fresno Police Department. On December 20, 2011, a federal jury in the Fresno Division of the Eastern District of California returned a verdict finding that the City of Fresno was liable for the excessive force used by a Fresno police officer in shooting and killing an unarmed man. The jury had heard testimony about the use of excessive force in 10 separate Fresno officer-involved shootings between September 2006 and 2010. At the end of the trial, the jury found unanimously that the

1  City had an unlawful practice resulting in the frequent and improper use of deadly force against
2  civilians.

3      14.    In the first three months of 2014 alone, Fresno police shot and killed at least two
4  civilians. These prior shootings were unjustified and the officers involved in those shootings
5  were not properly disciplined for their actions. This has led to a culture and belief within the
6  Fresno Police Department that it is permissible to use deadly force against civilians and that no
7  disciplinary action will be taken by the Fresno Police Department for doing so.

8      15.    The actions of the officer who killed Ms. Canter were taken pursuant to the
9  policies and practices of the Fresno Police Department, including, but not limited to, deliberate
10 indifference to the use of excessive and often deadly force in encounters with civilians when it is
11 a grossly disproportionate response to a situation, and even when no reasonable basis exists for
12 any use of force whatsoever, as in this case.

13     16.    The actions of the officer who killed Ms. Canter were also taken pursuant to
14 systemic deficiencies in oversight, training, and policy to prepare officers for encounters with
15 civilians who suffer from mental illness. The use of excessive and often deadly force by Fresno
16 police officers against individuals with mental health problems is not isolated or sporadic. A
17 pattern of fatal confrontations and excessive force against civilians who suffer from mental illness
18 stems from deliberate indifference to the systemic inadequacies in oversight, training, and policy.

19     17.    On information and belief, despite their knowledge of these illegal policies and
20 practices, the supervisory and policy-making defendants have maliciously and with deliberate
21 indifference taken no effective steps to terminate the policies and practices; have not effectively
22 disciplined or otherwise properly supervised the officers who engage in the policies and practices;
23 have not effectively trained Fresno police officers with regard to the proper constitutional and
24 statutory limits of the exercise of their authority and how to respond to individuals suffering from
25 mental illnesses; and have sanctioned the policies and practices through their deliberate or grossly
26 negligent indifference to their detrimental effect on the constitutional rights of local residents.

27     18.    On information and belief, knowing of civil rights abuses by Fresno police
28 officers, Defendant Chief Dyer failed to remedy those systemic violations knowingly and with

COMPLAINT                                                                           3
Civil Case No. _____
Exhibit "2"                      Page 13

deliberate indifference, and promulgated policies on the use of deadly force by officers that deliberately repudiated the constitutional rights of Fresno residents. The acts, omissions, and policies of Chief Dyer and the City of Fresno were the moving force for the plaintiffs' injuries.

19. As the direct and proximate result of the acts, omissions, policies, and practices of the defendants alleged herein, plaintiffs have suffered loss of life, substantial physical and emotional pain and suffering, shock and injury to their nervous systems, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear and depression, all to their damage and detriment.

20. As a further direct and proximate result of the injuries alleged herein, plaintiffs have incurred, and in some instances will continue to incur, burial costs and lost earnings. Plaintiffs do not know the full amount of such expenses and lost earnings at this time.

21. At all times mentioned herein, and in all of their actions mentioned herein, the individually named defendants were acting under color of law and under color of their authority and within the scope of their employment with the City of Fresno.

22. The conduct of the individually named defendants was willful, wanton, malicious, oppressive, and in bad faith. The defendants also acted with deliberate indifference and reckless disregard for the rights of plaintiffs, and intentionally violated state and federal law. The plaintiffs are thus entitled to an award of punitive damages against each of the defendants.

### ADMINISTRATIVE PROCEEDINGS

23. Pursuant to California Government Code §§ 910 *et seq.*, Mr. and Mrs. Knox timely filed a claim with the City of Fresno on March 27, 2014. The City of Fresno rejected the claim on May 2, 2014. Mr. and Mrs. Knox have complied with the claim filing prerequisites of the California Tort Claims Act prior to initiating this action.

### FIRST CAUSE OF ACTION

### (Fourteenth Amendment to the United States Constitution)

### (42 U.S.C. § 1983)

24. Mr. and Mrs. Knox reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23 of this complaint.

25. The defendants' conduct violated the plaintiffs' rights in at least the following ways: the shooting of Ms. Canter by Fresno police officers violated her Fourth Amendment right to be free from the use of excessive force, and the killing of Ms. Canter violated the Fourteenth Amendment liberty interest of Jerry and Doris Knox in the familial companionship and society of their daughter.

26. These above-stated violations of the plaintiffs' constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendants City of Fresno and Chief Dyer in least the following ways: approval, ratification, encouragement, and authorization of excessive use of force by Fresno police officers, including in this case; and deliberate indifference to the City of Fresno's failure to properly train and supervise its police officers in both the proper response to situations involving individuals suffering from mental illness and the lawful use of force, despite their knowledge of a pattern of excessive force by Fresno police officers. These acts, omissions, and policies contributed to the shooting of Ms. Canter.

27. These violations are compensable pursuant to 42 U.S.C. § 1983. As a result of the defendants' conduct, plaintiffs have suffered loss of the comfort and society of Ms. Canter, and significant emotional harm, including, but not limited to, any and all special damages pled below.

**PRAYER**

WHEREFORE, each plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

2. For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages in an amount to be proven at trial;

4. For attorneys' fees under 18 U.S.C. § 1988 and the California private attorney general doctrine;

5. For costs of suit; and

6.  For whatever further relief, including injunctive relief, as may be just and proper.

Dated: May 27, 2014

ARTURO J. GONZÁLEZ
XIANG LI
MORRISON & FOERSTER LLP

By: /s/ Arturo J. González
ARTURO J. GONZÁLEZ

Attorneys for Plaintiffs

## JURY DEMAND

The plaintiffs hereby demand trial by jury on any and all issues triable by a jury.

Dated: May 27, 2014

ARTURO J. GONZÁLEZ
XIANG LI
MORRISON & FOERSTER LLP

By: ___/s/ Arturo J. González___
ARTURO J. GONZÁLEZ

Attorneys for Plaintiffs