UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX; DORIS RAY KNOX,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as a Chief of Police for the CITY OF FRESNO,<br><br>Defendants. | 1:14-cv-00799-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>(ECF No. 17) |

**I.   INTRODUCTION**

On January 30, 2015, Plaintiffs Jerry and Doris Knox ("Plaintiffs") filed a Motion for Leave to Amend Complaint (the "Motion"). ECF No. 17. Defendants City of Fresno and Jerry Dyer ("Defendants") oppose the Motion, in part. The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230 (g). Upon a review of the pleadings, Plaintiff's motion is GRANTED.

**II.   BACKGROUND**

This case arises out of the death of Veronica Lynn Canter, the daughter and stepdaughter of Doris Knox and Jerry Knox, respectively. Plaintiffs allege, in a Complaint filed on May 27, 2014, that two Fresno police officers shot and killed Canter when responding to a 911 call on

1

March 7, 2014. ECF No. 1. Pursuant to the requirements of California Government Code §§ 910 *et seq.*, Plaintiffs filed a claim for damages arising out of the shooting with the City of Fresno on March 27, 2014. The claim was filed by Doris Knox "on her own behalf and on behalf of Ms. Canter's estate." Declaration of Xiang Li in Support of Plaintiffs' Motion for Leave to Amend Complaint ("Li Decl."), Exhibit B, ECF No. 18-2. The claim was rejected on May 2, 2014. Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint ("Opposition Brief"), Exhibit 1, ECF No. 20-1. Twenty days later, on May 27, 2014, Plaintiffs filed a Complaint. The Complaint included a single cause of action under 42 U.S.C. § 1983 and alleged a violation of Ms. Canter's Fourth Amendment right "to be free from the use of excessive force" and the Fourteenth Amendment liberty interest of Plaintiffs "in the familial companionship and society of their daughter." Complaint 5:3-5.

Plaintiffs now seek to amend the Complaint to:

1) Voluntarily dismiss Jerry Dyer as a defendant;
2) Add Edward Christopher Louchren and Douglas Edward Cox, the two Fresno police officers involved in the shooting, as defendants, both individually and in their capacities as police officers for the City of Fresno;
3) Add Jeremy Edward Moore, Canter's son, as a plaintiff, individually and as the successor-in-interest to Canter; and
4) Add one additional claim under 42 U.S.C. § 1983 and three additional state claims for wrongful death, negligence, and battery.

Defendants do not object to 1), 2), the addition of the § 1983 claim under 4), nor the addition of Moore as a plaintiff for any federal claims under 3). Opposition 1:21-26. Rather, they object to the addition of any state claims and the addition of Moore as a plaintiff for any state claims.

**III.   LEGAL STANDARDS FOR LEAVE TO AMEND**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course" 21 days after serving the complaint or within 21 days after a response pleading has been served without the court's leave. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

1    1995). Once 21 days have passed from the service of a responsive pleading, however, a party can
2    only amend the pleading with the opposing party's written consent or the court's leave.
3    Fed.R.Civ.P. 15(a)(2). Defendants filed an answer to the Complaint on June 10, 2014 and
4    currently oppose Plaintiffs' Motion. ECF No. 6.
5         The grant or denial of leave to amend a complaint is within the discretion of the Court,
6    although leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2);
7    *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). The intent of the rule is to
8    "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v.*
9    *Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of
10   favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v.*
11   *Webb*, 655 F.2d 977, 979 (9th Cir. 1981).
12        To evaluate a motion to amend under Rule 15, the Court should consider: (1) whether
13   there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2)
14   whether there have been repeated failures to cure deficiencies by previous amendments; (3)
15   whether there has been undue prejudice to the opposing party "by virtue of the allowance of the
16   amendment"; and (4) whether amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774
17   (9th Cir. 2015), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962). Without a demonstration of
18   prejudice "or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*
19   under Rule 15(a) in favor of granting leave to amend." *Id* (emphasis in original).

20   **IV.    DISCUSSION**

21        Defendants do not contest the first three of the *Foman* factors. They oppose the Motion
22   solely on the grounds that the proposed amendments would be futile—in other words, the
23   addition of the state claims would be immediately subject to a motion to dismiss. *Moore v.*
24   *Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be
25   given if a complaint, as amended, is subject to dismissal"). Defendants' argument that the
26   addition of the state claims is futile revolves around the requirement under the California Tort
27   Claims Act (the "Act") that plaintiffs file a claim for damages before suing a public entity.
28        Under the Act, a potential plaintiff must submit a claim describing the "indebtedness,

obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim" to the public entity that is the target of the claim. Cal. Gov't Code § 910. Once the public entity provides written notice that the claim has been acted on (*e.g.*, rejected, approved, etc.), the potential plaintiff has six months to file suit based on any claims subject to the Act.[1] Cal. Gov't Code § 945.6. The intent of the statute is to give the public entity notice of the claim so that it can be given "a timely opportunity to investigate the claim and determine the facts; and to avoid unnecessary lawsuits by giving the [entity] the opportunity to settle meritorious claims without going through an avoidable trial." *Lacy v. City of Monrovia*, 44 Cal.App.3d 152, 155 (1974).

Defendants argue that: (1) the proposed amendment to add state claims is futile because the amendment (filed on January 30, 2015) comes more than six months after Plaintiffs' claim for damages was rejected by the City of Fresno (on May 2, 2014) and is thus time barred; and (2) the proposed amendment to add Moore is futile because Moore was never included as a claimant in Plaintiffs' claim for damages.

Plaintiffs respond that: (1) the new state claims "relate back" to the initial federal claim, defeating any asserted statute of limitations; and (2) the claim for damages was brought on behalf of Canter's estate, which is enough to establish that they "substantially complied" with the requirements of the Act with respect to Moore.

**A. Addition of the State Claims**

"Relation back" refers to a doctrine that allows an amendment of a pleading to "relate back" to the date of the original pleading, thus evading any statute of limitations that might affect the amendment. *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 149 n. 3 (1984). An amendment to a complaint "relates back" to the date the complaint was originally filed if the "law that provides the applicable statute of limitations allows relation back" **or** "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[2] Fed. R. Civ. P. 15(c)(1). California courts have

---

[1] The statute of limitations does not apply to federal claims. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) ("state notice of claim statutes have no applicability to § 1983 actions").

[2] Regardless whether state or federal law is applied, the "more forgiving principle of relation back . . . should be available to save the claim." Fed. R. Civ. P. 15(c)(1) 1991 amendment advisory committee's note.

construed the Act to allow relation back when amending a complaint against a public entity if the newly asserted claims address the "same conduct" as the original claims.[3] *See, e.g., Carlino v. L.A. Cty. Flood Control Dist.*, 10 Cal.App.4th 1526, 1536 (1992) (allowing amendment substituting a party where plaintiff had "substantially complied with the claims presentation requirements" against public entity); *Bendix Corp. v. City of L.A.*, 150 Cal.App.3d 921, 926 (1984) (allowing additional claims against a public entity where the new claims "addressed the same conduct" as the original pleading). A new claim arises out of the "conduct, transaction, or occurrence set out . . . in the original pleading" if it "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

At least one federal court construing the Act has come to the same conclusion. In *Roe v. County of Lake*, 107 F.Supp.2d 1146 (N.D. Cal. 2000), a plaintiff sued Lake County under § 1983, alleging that she had been raped by a deputy sheriff. She timely filed a claim with the County under the Act and sued after her claim was rejected. Nine months after the claim was rejected, she amended her original complaint to add a state law cause of action. Defendants moved to dismiss the amended complaint because the state law claims had been added more than six months after plaintiff's claim was rejected. The court rejected defendants' argument, saying that the failure to explicitly identify the state law theory was "not fatal in light of liberal notice pleading requirements in federal court, and because the amended complaint alleges this new cause of action based on the facts found in the original complaint." *Id.* at 1154 ("the original complaint details almost verbatim the same factual allegations that are found in the amended complaint").

As in *Roe*, the conduct described in the original Complaint and the proposed First Amended Complaint ("FAC") are the same: they both describe a sequence of events on March 7, 2014 in which two Fresno police officers respond to a 911 call identifying Canter as a trespasser.

---

[3] Defendants argue that the statute of limitations that the Act makes "applicable to state causes of action is mandatory and cannot be circumvented by Rule 15(b) [sic]." Opposition Brief 4:9-10. Neither of the cases cited establish such a rule, however, nor do they hold that the Act precludes the application of the "relation back" doctrine to a state claim against a public entity.

The two officers respond to the call, break down the door of an apartment, and shoot Canter. *Compare* Complaint at ¶ 12 ("... one of the officers pointed his gun at Ms. Canter, and without cause or justification, shot and fired several bullets into Ms. Canter's body") *with* FAC at ¶ 13 ("... Defendant Officer Louchren pointed his gun at Ms. Canter, and without cause or justification, shot and fired several bullets into Ms. Canter's body"). Canter dies shortly thereafter.

Both the Complaint and the FAC also allege that the City of Fresno acted with "deliberate indifference" in training and supervising its officers, resulting in the alleged injuries. *Compare* Complaint at ¶ 15 ("The actions of the officer who killed Ms. Canter were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, deliberate indifference to the use of excessive and often deadly force in encounters with civilians. . .") *with* FAC at ¶ 16 ("The actions of the officers who killed Ms. Canter were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, deliberate indifference to the use of excessive and often deadly force in encounters with civilians. . ."). The Complaint even contains express references to state claims.[4] *See, e.g.,* Complaint at ¶¶ 21 ("... defendants were acting . . . within the scope of their employment with the City of Fresno"); 22 ("... defendants . . . intentionally violated state and federal law"). Virtually none of the substantive factual allegations between the Complaint and the FAC are different.

The state causes of action thus arise out of the "same conduct" as the cause of action in the Complaint. They likewise arise out of the same "conduct, transaction, or occurrence set out . . . in the original pleading." Plaintiffs should thus be granted leave to amend their complaint to add appropriate state claims.

**B.  Addition of Moore as a Plaintiff**

Defendants do not object to the addition of Moore as a plaintiff "with respect to any federal claims." Opposition Brief 1:26. Thus, the only issue before the Court is whether or not the

---

[4] Among others, the Complaint alleges facts that could constitute a vicarious liability theory for recovery. This theory is made explicit in the FAC, but the inclusion of such facts suggests that the addition of the state claims in the amendment is merely a re-labeling of existing legal theories from the Complaint. *Roe*, 107 F.Supp.2d at 1154 (amendment relates back where "the original complaint alleges violations of plaintiff's federal *and* state civil and constitutional rights, and lists state tort theories of liability, including a claim for *respondeat superior* against the County which is only available under state law").

claim for damages filed with the City of Fresno included the state claims now asserted by Moore. The argument, in Defendants' words, is that no "timely claim was ever filed by [Moore]." *Id.* 4:17-18. Because Moore *never filed* a claim with the City of Fresno, he should be precluded from asserting a claim now.[5]

As explained above, the claim submission requirements of the Act exist to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Gen. Sec. Servs. Corp. v. Cty. of Fresno*, 815 F.Supp.2d 1123, 1132 (E.D. Cal. 2011), *quoting City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007). Thus, where "the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation, then there will be 'substantial compliance' with sections 910 and 910.2." *Id.* at 1133 ("Where a submitted claim is deficient in some way, but the claim substantially complies with all of the statutory requirements, the doctrine of 'substantial compliance' in some cases may validate the deficient claim"). Complaints based on deficient claims are generally barred "[o]nly where there has been a 'complete shift of allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim' . . . [w]here the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." *Gen. Sec. Servs. Corp.*, 815 F.Supp.2d at 1133-34, *quoting Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal.4th 441, 447 (2004).

The statutory requirements of the Act demand that a claim be submitted "by the claimant or by a person acting on his or her behalf." Cal. Gov't Code § 910; *Lacy v. City of Monrovia*, 44 Cal.App.3d 152, 155 (1974) (finding substantial compliance where the "wording of the claim" provided "all the notice and knowledge [defendant] needs concerning [plaintiff's] claim").[6]

---

[5] Even if, as explained above, any such claims would not necessarily be time-barred because of the relation back doctrine, had they actually been filed.

[6] The court in *Lacy* also noted that the damages sought included damages suffered by the party on whose behalf the claim was sought. The court explained that: "The claim statute was not intended to be used as a trap for the unwary. To require that the Lacy claim be divided into two separate claims in this situation would not serve the intended

7

The initial claim that Plaintiffs submitted to the City of Fresno in this case was filed by Doris Knox "on her own behalf and on behalf of Ms. Canter's estate." Li Decl., Exh. B at 3. It alleges claims based on "42 U.S.C. § 1983 violations; loss of companionship, training and advice; battery; negligence; negligent infliction of emotional distress; and related causes of action." *Id*. at 4. It does, however, state that "Claimants have suffered significant emotional and mental distress as a result of the ***loss of their daughter***," suggesting that the claim for damages was brought only of behalf of Canter's parents, rather than Moore. *Id.* (emphasis added). Despite this, however, the claim includes enough detail to allow Defendants to investigate the merits of Plaintiffs' claims and attempt to settle them, if appropriate. It includes several causes of action governed by state law, including battery and negligence, both of which are now proposed additions in the FAC. It also expressly references Canter's estate, which could reasonably be read to mean that her interest in the claims could pass to any personal representative or successor-in-interest. Cal. Civ. Proc. Code § 377.30 ("A cause of action that survives the death of the person entitled to commence an action or proceeding . . . may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest").

As Plaintiffs point out, Defendants do not argue that they have been unable to investigate the allegations based on the asserted deficiency in the claim for damages or that they would be prejudiced if Plaintiffs were granted leave to amend the Complaint.[7] Instead, Defendants rely on *Petersen v. Vallejo*, 259 Cal.App.2d 757 (1968) for the proposition that "heirs will not be permitted to substitute in place of a previous claimant." Opposition Brief 4:21. This reads *Petersen* too expansively, however. The court there concluded that a new party that was unnamed in a claim for damages could not rely on the fact that she was an heir to the decedent because "[t]here is nothing in the record to indicate that the [claimant] filed a claim on behalf of [the new

---

purposes of the claim statute and would result in unfairly precluding a determination of appellant's claim on its merits." *Lacy*, 44 Cal.App.3d at 156.

[7] In fact, the litigation appears to be in only the beginning stages of discovery. Moreover, the proposed amendments do not add a substantially greater amount of factual complexity to the case. This is particularly so because Defendants do not object to the addition of Moore as a plaintiff with respect to any federal claims—the factual basis for the federal claims is substantially similar to that of the state claims.

party].
" *Id.* at 766 ("It is not alleged or claimed that the daughter was named as a claimant, or that any sum was claimed on her behalf"). In *Petersen*, the best that the plaintiff could argue was that the claim for damages was filed "implicitly on behalf of all heirs." *Id.* Here, Plaintiffs have some facts in the record supporting their position—although some of the wording in the claim implies that it is brought merely on behalf of Mr. and Mrs. Knox, the facts that it: (1) asserts state law causes of action on behalf of Canter's estate and (2) provided specific details about the allegedly tortious actions disclosed information sufficient for Defendants to conduct an adequate investigation. Nor would the purposes of the Act be saved by dividing Moore's state claims from his federal claim and into a separate action.

There was thus substantial compliance with the Act and amendment of the Complaint would not be futile. Because Defendants do not contest the other *Foman* factors, leave to amend must be granted.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Leave to Amend the Complaint is GRANTED; and
2) Plaintiffs shall file their First Amended Complaint within **ten (10) days** of the service date of this Order.

IT IS SO ORDERED.

Dated:   **April 7, 2015**               /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE