UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX; DORIS RAY KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CARTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | Case No. 1:14-cv-00799-GSA<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>(ECF No. 30) |

On April 17, 2015, Defendants City of Fresno, Edward Louchren, and Douglas Cox ("Defendants") filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (ECF No. 30.) Plaintiffs Jerry Knox, Doris Knox, and Jeremy Moore ("Plaintiffs") filed a timely opposition to the Motion. The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). After a review of the pleadings and the for the reasons set forth below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

1

## I. BACKGROUND

This case arises out of the death of Veronica Lynn Canter, the daughter and stepdaughter of Doris Knox and Jerry Knox, respectively, and the mother of Jeremy Moore. Plaintiffs allege that two Fresno police officers shot and killed Canter when responding to a 911 call on March 7, 2014. Pursuant to California Government Code §§ 910 *et seq.*, Plaintiffs filed a claim for damages arising out of the shooting with the City of Fresno on March 27, 2014. The claim was filed by Jerry and Doris Knox "on her own behalf and on behalf of Ms. Canter's estate." The claim was rejected on May 2, 2014. Twenty days later, on May 27, 2014, Plaintiffs filed a Complaint against the Defendants. The Complaint included a single cause of action under 42 U.S.C. § 1983 and alleged a violation of Ms. Canter's Fourth Amendment right "to be free from the use of excessive force" and the Fourteenth Amendment liberty interest of Plaintiffs Jerry and Doris Knox "in the familial companionship and society of their daughter." The Complaint did not include Jeremy Moore as a plaintiff.

On January 30, 2015, Plaintiffs Doris and Jerry Knox moved to amend the Complaint to, among other things, add Jeremy Moore as a plaintiff (both in his individual capacity and as a successor-in-interest to Veronica Canter) and to add three additional state claims for wrongful death, negligence, and battery. The motion to amend the complaint was granted over Defendants' opposition and Plaintiffs filed a First Amended Complaint (the "FAC"). (ECF No. 24.) The FAC alleges five causes of action:

1) First Cause of Action (Violation of the Fourth Amendment to the U.S. Constitution under 42 U.S.C. § 1983);
2) Second Cause of Action (Violation of the Fourteenth Amendment to the U.S. Constitution under 42 U.S.C. § 1983);
3) Third Cause of Action (Wrongful Death);
4) Fourth Cause of Action (Negligence); and,
5) Fifth Cause of Action (Battery).

All five causes of action are alleged by Doris Knox (as an individual), Jerry Knox (as an individual), and Jeremy Moore (as an individual <u>and</u> as successor-in-interest to Veronica Canter).

Defendants' Motion to Dismiss is targeted at the Third, Fourth, and Fifth causes of action with respect to all Plaintiffs. Defendants argue that the state causes of action are time-barred because under the California Tort Claims Act (the "Act"), Plaintiffs were required to file a complaint concerning their state claims no more than six months after their initial government claim was rejected by the City of Fresno. Defendants further argue that state and federal relation back principles should not operate to link the new state claims to the filing date of the original complaint. Defendants do not move to dismiss the First or Second Causes of Action as alleged by any of the Plaintiffs.

## II.     LEGAL STANDARDS FOR A RULE 12(B)(6) MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). Legally conclusory statements, when unsupported by actual factual allegations, need not be accepted. *Ashcroft*, 556 U.S. at 678-79. A motion to dismiss based on the running of a statute of limitations cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

## III.    DISCUSSION

As explained in the Court's previous order granting Plaintiffs leave to amend the Complaint, the Act provides that plaintiffs must file a claim for damages before suing a public entity:

> Under the Act, a potential plaintiff must submit a claim describing the "indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim" to the public entity that is the

target of the claim. Cal. Gov't Code § 910. Once the public entity provides written notice that the claim has been acted on (*e.g.*, rejected, approved, etc.), the potential plaintiff has six months to file suit based on any claims subject to the Act.[1] Cal. Gov't Code § 945.6. The intent of the statute is to give the public entity notice of the claim so that it can be given "a timely opportunity to investigate the claim and determine the facts; and to avoid unnecessary lawsuits by giving the [entity] the opportunity to settle meritorious claims without going through an avoidable trial." *Lacy v. City of Monrovia*, 44 Cal.App.3d 152, 155 (1974).

(ECF No. 23.)

While Plaintiffs acknowledge that the state law claims were not filed within the required window after the City of Fresno claim was denied, they argue that the state law claims should "relate back" to the date the Complaint was originally filed. Because the Complaint was filed within the six month window, Plaintiffs argue that the state law claims should be allowed to proceed. The Court previously summarized the relation back doctrine:

> "Relation back" refers to a doctrine that allows an amendment of a pleading to "relate back" to the date of the original pleading, thus evading any statute of limitations that might affect the amendment. *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 149 n. 3 (1984). An amendment to a complaint "relates back" to the date the complaint was originally filed if the "law that provides the applicable statute of limitations allows relation back" **or** "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading."[2] Fed. R. Civ. P. 15(c)(1). California courts have construed the Act to allow relation back when amending a complaint against a public entity if the newly asserted claims address the "same conduct" as the original claims.[3] *See, e.g., Carlino v. L.A. Cty. Flood Control Dist.*, 10 Cal.App.4th 1526, 1536 (1992) (allowing amendment substituting a party where plaintiff had "substantially complied with the claims presentation requirements" against public entity); *Bendix Corp. v. City of L.A.*, 150 Cal.App.3d 921, 926 (1984) (allowing additional claims against a public entity where the new claims "addressed the same conduct" as the original pleading). A new claim arises out of the "conduct, transaction, or occurrence set out . . . in the original pleading" if it "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

(ECF No. 23.)[4]

In the current Motion, Defendants argue that: (1) the Court should apply state law rather

---

[1] The statute of limitations does not apply to federal claims. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) ("state notice of claim statutes have no applicability to § 1983 actions").

[2] Regardless whether state or federal law is applied, the "more forgiving principle of relation back . . . should be available to save the claim." Fed. R. Civ. P. 15(c)(1) 1991 amendment advisory committee's note.

[3] Defendants argue that the statute of limitations that the Act makes "applicable to state causes of action is mandatory and cannot be circumvented by Rule 15(b) [sic]." Opposition Brief 4:9-10. Neither of the cases cited establish such a rule, however, nor do they hold that the Act precludes the application of the "relation back" doctrine to a state claim against a public entity.

[4] Defendants disagree with the Court's previous characterization of *Carlino* and *Bendix*.

than federal law to construe the statute of limitations for the state claims; and (2) the statute of limitations provided by the Act is mandatory and overwhelms equitable tolling principles (state and federal). Defendants also argue that Plaintiff Jeremy Moore was never a party to the City of Fresno claim and that his state causes of action should thus be barred.

Plaintiffs respond that: (1) a number of district courts have applied federal relation back principles in cases involving the Act; and (2) Plaintiff Jeremy Moore's state causes of action were actually timely because Plaintiffs "substantially complied" with the terms of the Act by filing the City of Fresno claim on behalf of Canter's estate.

### A. Jerry and Doris Knox's State Claims

#### *1. The Act does not preclude the application of the relation back doctrine.*

There is no question that Jerry and Doris Knox filed a claim with the City of Fresno and proceeded to file the Complaint within the prescribed time period. Defendants contend however, that the state causes of action in the FAC should not "relate back" to the filing of the Complaint because California state law has conclusively determined that the statute of limitations established by the Act is mandatory in all instances. Defendants rely principally on *Uribe v. McKesson*, No. 08CV01285 DMS (NLS), 2011 WL 9640 (E.D. Cal. Jan. 3, 2011), which found that "[f]ederal equitable estoppel principles may not be applied to a pendant state claim foreclosed by a state's mandatory limitations period."[5] The *Uribe* court, relying in part on *Chase v. California*, 67 Cal.App.3d 808, 812 (1977), also found that the statute of limitations imposed by the Act precluded the application of several state equitable tolling doctrines.[6]

Later California decisions interpreting *Chase*, however, have softened this restriction. *Addison v. State of Cal.*, 21 Cal.3d 313, 316 (1978) (finding that the *Chase* court's interpretation

---

[5] It is not clear whether the court in *Uribe* intended to state that equitable ***tolling*** principles may not be applied, rather than equitable ***estoppel*** principles. Equitable estoppel, in the statute of limitations context, can mean that the opposing party acted in a fraudulent way to prevent a plaintiff from filing suit in time. *Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010). Equitable tolling, on the other hand, stands more broadly for the concept that a "statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discovery the injury until after the limitations period had expired." *Black's Law Dictionary* 579 (8th ed. 2004). A literal reading of the language in *Uribe* would thus limit its application (and likely preclude its relevance in the current case). In more practical sense, equitable estoppel may require a focus on the actions taken by opposing party, rather than on the plaintiff's actions.

[6] For example, the general state equitable tolling provision for minors in medical malpractice actions would be superseded by the Act under the court's reading of California law. *See Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal.App.4th 978, 983 (1998).

of the Act "does not preclude application of the equitable tolling doctrine, the purpose of which is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court"). Similarly, at least one California court examining similar statute of limitation requirements has allowed relation back, arguing that "[t]he policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits.[7] This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading." *Garrison v. Bd. of Directors*, 36 Cal.App.4th 1670, 1678 (1995).

District courts construing California law have also concluded that relation back principles can apply, even in cases involving the Act. In *Saunders v. Garay*, Case No. 11-cv-06322-WHO, 2014 WL 4386727 (N.D. Cal. Sept. 4, 2014), for instance, a plaintiff alleged that he was assaulted by a San Francisco Sheriffs' Deputy and filed suit under 42 U.S.C. § 1983. Plaintiff had timely filed a claim with the California Victim Compensation and Government Claims Board. Over two years later, plaintiff filed a first amended complaint that also alleged state law claims for battery, negligence, and a violation of the California Bane Civil Rights Act. Defendants filed a motion to dismiss. In denying the motion, the Court found that the "state law causes of action in the amended complaint are based on the same general set of facts, same defendants, and the same accident and injuries as the original complaint." *Id.* at *3, *citing Goldman v. Wilsey Foods, Inc.*, 216 Cal.App.3d 1085, 1094 (1989). Thus, the court reasoned, the purposes of the Act were met. *Id.* at *2, *quoting Crow v. State of Cal.*, 222 Cal.App.3d 192, 202 (1990) ("The purpose of the 'notice-of-claim' requirement is 'to give the public entity the opportunity to evaluate the merit and extent of its liability and determine whether to grant the claim without the expenses of litigation'). Many other courts have held similarly. *See, e.g., Montes v. Rafalowski*, No. C-09-00976 RMW, 2012 WL 1595683, at *2 (N.D. Cal. May 4, 2012) ("Thus, in light of 'the policy of the law of this state which favors avoiding forfeitures and allowing good faith litigants their day

---

[7] Defendants contend that *DiCampli-Mintz v. County of Santa Clara*, 55 Cal.4th 983 (2012), which held that the Act is intended to "confine potential governmental liability to rigidly delineated circumstances," demands a finding that no equitable tolling principles should be applied to the Act. But *DiCampli* dealt with facts involving the proper recipient of a claim under the Act, not the broader application of equitable tolling under the Act.

in court,' this court concludes that relation back is not categorically barred from applying in Tort Claims Act cases"); *Wride v. Fresno Cnty.*, No. 1:05-cv-00486-AWI-SKO PC, 2011 WL 4954159, at *6 (E.D. Cal. Oct. 8, 2011); *Jaffe v. Cnty. of Santa Clara*, No. C 03-00137 WHA, 2008 WL 2050813, at *2 (N.D. Cal. May 13, 2008) ("Defendants first incorrectly argue that 'presentation of a claim under the California Tort Claims Act is a mandatory prerequisite to maintaining a cause of action against a public entity' and Jaffe's failure to file a notice of claim acts as an automatic bar to any amendments-disregarding the applicability of equitable tolling. This is not an accurate reflection of California law"); *Roe v. Cnty. of Lake*, 107 F.Supp.2d 1146 (N.D. Cal. 2000).

Defendants urge the Court to adopt the holding of *Walker v. California Department of Corrections*, No. 2:09-cv-0569 WBS KJN P, 2014 WL 268525 (E.D. Cal. Jan. 21, 2014), which Defendants argue held that "federal courts do not have the authority to circumvent the mandatory statute of limitations under California's Tort Claims Act." But it is not entirely clear that that was the *Walker* court's holding. Although *Walker* dismissed a plaintiff's state law claims, it is unclear whether it did so because the initial state claims were filed in an untimely manner or because the lawsuit was initiated in an untimely manner after the initial state claims were rejected (or both). In *Walker,* the plaintiff accrued a state cause of action on October 28, 2005. *Id.* at *32. He did not file a claim with the California Victim Compensation and Government Claims Board until July 3, 2006, more than two months after the applicable deadline. *Id.* His claim was denied on February 22, 2007. The *Walker* opinion appears to indicate that the claim was denied because it was untimely, rather than based on its merits. *Id.* at *32 (after the rejection of his claim, "[p]laintiff was expressly informed that his only recourse was to petition a court for ***relief from the claim presentation requirement***") (emphasis added). Plaintiff proceeded to file suit based on the rejected claim in an untimely fashion.

In dismissing plaintiff's claims, the *Walker* court found that "[w]hile the six-month period for filing a court action on a state tort claim, after the Board has acted on the claim, ***may be tolled*** during a prisoner's exhaustion of administrative remedies, such tolling ***does not apply to the initial filing of the claim***." *Id.* at *35 (emphasis added). The *Walker* court's holding thus appears

to be that: (1) the exhaustion of administrative remedies is not an adequate reason to equitably toll the initial filing of a claim under the Act; and (2) the exhaustion of administrative remedies may be an adequate reason to equitably toll the filing of a lawsuit after an administrative agency (such as the Victim Compensation Board) has acted on a claim under the Act. Neither of these holdings compels the result that Defendants suggest, *i.e.*, the complete preclusion of any equitable tolling mechanism after a claim has been rejected under the Act.[8] The Court thus finds *Saunders* and its companion cases more persuasive in this instance than *Uribe* and *Walker* and finds that the Act does not preclude the application of the relation back doctrine.

### *2. Applying the relation back doctrine.*

The Court previously found that the new state claims in the FAC related back to filing of the Complaint under Federal Rule of Civil Procedure 15:

> As in *Roe*, the conduct described in the original Complaint and the proposed First Amended Complaint ("FAC") are the same: they both describe a sequence of events on March 7, 2014 in which two Fresno police officers respond to a 911 call identifying Canter as a trespasser. The two officers respond to the call, break down the door of an apartment, and shoot Canter. *Compare* Complaint at ¶ 12 (". . . one of the officers pointed his gun at Ms. Canter, and without cause or justification, shot and fired several bullets into Ms. Canter's body") *with* FAC at ¶ 13 (". . . Defendant Officer Louchren pointed his gun at Ms. Canter, and without cause or justification, shot and fired several bullets into Ms. Canter's body"). Canter dies shortly thereafter.
>
> Both the Complaint and the FAC also allege that the City of Fresno acted with "deliberate indifference" in training and supervising its officers, resulting in the alleged injuries. *Compare* Complaint at ¶ 15 ("The actions of the officer who killed Ms. Canter were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, deliberate indifference to the use of excessive and often deadly force in encounters with civilians. . . ") *with* FAC at ¶ 16 ("The actions of the officers who killed Ms. Canter were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, deliberate indifference to the use of excessive and often deadly force in encounters with civilians. . . "). The Complaint even contains express references to state claims.[9] *See, e.g.,* Complaint at ¶¶ 21 (". . . defendants were acting . . . within the scope of their employment with the City of Fresno"); 22 (".

---

[8] *Walker* also occurred in the context of acts by the Victims Compensation Board which allegedly confused plaintiff as to his filing deadline(s). For this reason, the *Walker* court considered his arguments in the equitable estoppel context, rather than the more general equitable tolling context.

[9] Among others, the Complaint alleges facts that could constitute a vicarious liability theory for recovery. This theory is made explicit in the FAC, but the inclusion of such facts suggests that the addition of the state claims in the amendment is merely a re-labeling of existing legal theories from the Complaint. *Roe*, 107 F.Supp.2d at 1154 (amendment relates back where "the original complaint alleges violations of plaintiff's federal *and* state civil and constitutional rights, and lists state tort theories of liability, including a claim for *respondeat superior* against the County which is only available under state law").

> . . defendants . . . intentionally violated state and federal law"). Virtually none of the substantive factual allegations between the Complaint and the FAC are different.

(ECF No. 23.)

Defendants contend that the Court should apply California law to the statute of limitations question, rather than Rule 15. Under California law, a new complaint relates back to the filing of an original complaint "provided recovery is sought in both pleadings on the same general set of facts . . . it is the sameness of the facts rather than the rights or obligations arising from those facts that is determinative." *Lamont v. Wolfe*, 142 Cal.App.3d 375, 378 (1983) ("The court cited with approval the federal rules formula: 'Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading'"), *quoting Austin v. Mass. Bonding & Ins. Co.*, 56 Cal.2d 596, 601-602 fn. 2 (1961). Later decisions have expanded the inquiry to include the nature of the alleged injury and instrumentality causing the injury. *Norgart v. Upjohn*, 21 Cal.4th 383, 409 (1999).

This rule applies even where new causes of action or theories of recovery are used in the amended pleading. *Id.* at 381 ("While it is true the defending the wrongful death claim may require the defendants to gather additional evidence, this burden exists in every relation back case. The test is whether two complaints relate to the same *general* set of facts. If they do, the relation back doctrine applies"), *citing Smeltzley v. Nicholson Mfg. Co.*, 18 Cal.3d 932, 940 (1977) (emphasis in original). A plaintiff is thus free to reformulate his or her theory (or theories) of recovery in an amended pleading. *Elkins v. Derby*, 12 Cal. 3d 410, 419 (1974) ("The relation-back rule does not function only when the amended complaint contains no new theories of liability which might necessitate the adduction of evidence irrelevant to the issues raised by the original complaint. In the context of amending complaints, therefore, it has been felt that a defendant is not prejudiced when a plaintiff changes the theory of his action after the running of the limitations period in a manner requiring the defendant to gather additional evidence").

*Grudt v. Los Angeles*, 2 Cal.3d 575 (1970) illustrates the application of the relation back doctrine under California law. In *Grudt*, a man was shot and killed by two police officers. His

9

wife, the plaintiff, filed a lawsuit against the officers and the city of Los Angeles, alleging a cause of action for wrongful death. She later amended her complaint to add a claim for negligence, which the trial court struck on the grounds that the amendment had occurred after the statute of limitations had run. The California Supreme Court, criticizing the trial court's decision as assuming "an unduly rigid approach," overturned the decision, saying that even if "plaintiff's second cause of action added a significant new dimension to the lawsuit," California's relation back rule "requires only that the original and amended pleadings seek recovery 'on the same general set of facts.'" *Id.* at 583-584, *quoting Austin*, 2 Cal.3d at 600.

The Court has little difficulty concluding that the new state causes of action in the FAC meet the California test for relating back to the filing date of the original Complaint. As explained above, the FAC contains, almost verbatim, the same set of facts as alleged in the Complaint. That Plaintiffs have reformulated their theories of recovery based on those facts does not change that, nor does it mean that Canter's parents should be precluded from a decision on their claims on the merits. *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) ("It is also the prevailing view that an amendment which changes the legal theory on which an action initially was brought is of no consequence to the question of relation back if the factual situation out of which the action arises remains the same and has been brought to the defendant's attention by the original pleading"). Nor does the addition of these causes of action alter the nature of their injuries (*i.e.*, the loss of Veronica Canter) or the instrumentality causing those injuries (*i.e.*, Defendants' actions) Plaintiffs Doris and Jerry Knox are alleging the same facts, the same injuries, and the same causal chain that links those facts to their injuries. Their claims thus survive the Motion to Dismiss.

**B. Jeremy Moore's State Claims**

Although the Court has concluded that the Act does not bar the application of the relation back doctrine to the claims asserted by Doris and Jerry Knox, Defendants make two additional arguments to the application of the relation back doctrine to Plaintiff Jeremy Moore's state claims. In particular, Defendants argue that Moore never actually filed a claim with the City of Fresno under the Act and cannot be substituted in as the successor-in-interest for Canter's estate.

In other words, Defendants suggest that Moore's claims cannot be saved by the relation back doctrine for two reasons. **First**, because Moore never filed a claim under the Act and was not a party to the initial Complaint, there is nothing for his new state claims to "relate back" to. **Second**, even if the City of Fresno claim was filed on behalf of Canter's estate (and the Complaint included a survivor claim on behalf of her estate), Moore cannot be substituted in as a plaintiff to pursue those claims.[10]

### *1. Jeremy Moore's claims as a successor in interest to Veronica Canter.*

As a threshold matter, there is a distinction between the claims Jeremy Moore asserts as a successor in interest to Veronica Canter and the claims Jeremy Moore asserts as an individual on his own behalf. In California, "a cause of action for or against a person is not lost by reason of the person's death." Cal. Code. Civ. Proc. § 377.20(a). Such a cause of action "passes to the decedent's successor in interest, subject to . . . the Probate Code, and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Proc. § 377.30. A "successor in interest" is "the beneficiary of the decedent's estate." Cal. Code Civ. Proc. § 377.11. Under California Probate Code § 6402, if an individual dies intestate without a surviving spouse or domestic partner, the decedent's estate passes to "the issue of the decedent," or, "[i]f there is no surviving issue, to the decedent's parent or parents equally." As the issue of Veronica Canter, any surviving causes of action are thus properly be brought by Moore, assuming Canter's intestacy. *Ochoa v. Superior Court*, 39 Cal.3d 159, 174 (1985) ("decedent's claim is in the nature of a tort . . . such a claim survives his death and may be brought by the administrator of his estate"). Indeed, once it was determined that Canter had surviving issue, ***only*** Moore would have standing to pursue the estate claims. Canter's parents, who previously pursued the claims in the City of Fresno claim and in the original Complaint, would only be proper successors in interest absent Moore's existence.

At the same time, these successor in interest claims are more properly characterized as claims that accrued to Veronica Canter and survived her death, rather than claims for injuries that

---

[10] The original Complaint alleged a survivor claim by Canter for the violation of her Fourth Amendment rights. (Complaint ¶ 25, ECF No. 1 ("the shooting of Ms. Canter by Fresno police officers violated her Fourth Amendment right to be free from the use of excessive force").)

11

Moore himself has suffered. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal.App.4th 1256, 1264-65 (2006) ("Unlike a cause for wrongful death, a survivor cause of action is not a new cause of action that vests in the heirs on the death of the decedent. It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event"). Although they are claims pursued by Moore as a plaintiff in this case, then, they are actually the estate's claims—Moore is merely the successor in interest pursuing them on behalf of the estate. Thus, the addition of Moore as a successor in interest to Canter is more aptly characterized as the ***substitution of*** a successor in interest rather than the ***addition of*** a new party. *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal.App.4th 1545, 1553 (2007) (in evaluating the addition of a new plaintiff as the successor in interest for a survivor claim, "[t]he question is not whether relation-back doctrine applies, but whether Nicole is the proper plaintiff on this claim").

No rule prevents the substitution of Jeremy Moore to represent the estate of Veronica Canter as her successor-in-interest. Indeed, California cases have routinely allowed the substitution of one plaintiff for a more proper plaintiff as a real party in interest. *Branick v. Downey Sav. & Loan Ass'n*, 39 Cal.4th 235, 243 (2006), *citing Klopstock v. Superior Court*, 17 Cal.2d 13, 19-21 (1941) (administrator of deceased shareholder's estate substituted as plaintiff in corporate derivative action); *Haley v. Dow Lewis Motors, Inc.*, 72 Cal.App.4th 497, 506-509 (1999) (trustee in bankruptcy substituted for bankrupt debtors); *Cal. Air Resources Bd. v. Hart*, 21 Cal.App.4th 289, 300-301 (1993) (Attorney General substituted for state administrative agency); *Jensen v. Royal Pools*, 48 Cal.App.3d 717, 720-723 (1975) (condominium owners substituted for owners' association); *Powers v. Ashton*, 45 Cal.App.3d 783, 790 (1975) (trustees substituted for nontrustee administrator).

There are limitations to such substitutions, however: a "plaintiff proposed to be substituted may not 'state facts which give rise to a wholly distinct and different legal obligation against the defendant.'" *Branick*, 39 Cal.4th at 243. To explain this standard, *Branick* suggests a parallel with the relation back standard, saying that the new claim must: "(1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one." *Id.* at 244, *quoting Norgart v. Upjohn Co.*, 21 Cal.4th 383, 408 (1999) (emphasis in

original). The Court has little difficulty determining that the substitution of Moore as a successor-in-interest for the survivor claims involves the same general facts as in the initial Complaint—with few exceptions, none of the facts alleged have changed.

The new state claims also allege the same injuries and instrumentality for those injuries. The estate was previously represented by Jerry and Doris Knox, both in the City of Fresno claim and in the initial Complaint. In the FAC, Moore has been substituted in to pursue the estate's claims—Canter's claims that survived her death. The claims arise out of the same essential facts as they did when Canter's parents represented her estate. They involve the same injury (*e.g.*, the excessive force that Canter was subjected to) and occurred via the same instrumentality (*e.g.*, the acts of Officers Louchren and Cox). Nor has the substitution of Moore created a wholly distinct legal obligation against Defendants. Instead, Moore merely represents a new representative for Canter's estate. *Estate of Manzo v. Cnty. of San Diego*, No. 06cv60 BTM (WMC), 2009 WL 559832, at *5 (S.D. Cal. March 3, 2009) ("Claims filed with the County of San Diego on behalf of the Estate by Maria Manzo, rather than Anahi Manzo, still disclosed sufficient information to enable the County to adequately investigate the merits of the Estate's claims"). Because the Court has previously found that: (1) the initial claim to the City of Fresno was asserted, in part, on behalf of Canter's estate; and (2) the relation back doctrine can be applied to claims governed by the Act, there is no reason that Moore cannot step into the case as the successor in interest to Canter's claims.

### 2. *Jeremy Moore's individual claims.*

Moore's individual claims, however, are another question. In the FAC, Moore is asserting claims both on behalf of Canter's estate and in his own capacity as an individual. As explained above, Moore's survivor claims as Canter's successor in interest are merely claims that Canter would have had, were it not for her untimely death. Moore's individual claims, on the other hand, are claims that are asserted on his own behalf and are for injuries that Moore, rather than Canter, suffered because of Defendants.

Under California law, these two sets of claims, even if brought by the same plaintiff, are distinct and different. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal.App.4th 1256, 1278 (2006) ("This

survivor claim, which plaintiff pursued as the decedent's successor in interest, pleaded injury to the decedent, Gilbert Quiroz. In contrast, the earlier-filed wrongful death claim pleaded only injury to plaintiff, acting for herself, as the decedent's heir. As a matter of law, these distinct claims are technically asserted by different plaintiffs and they seek compensation for different injuries"), *citing Bartalo v. Superior Court*, 51 Cal.App.3d 526, 533 (1975). California courts have used this distinction to both save and to strike down claims that have been filed after the applicable statute of limitations has passed. *Id.* at 1279 ("A claim that is first asserted by amendment after the limitations period has passed will not be barred so long as the amendment is based on the same general set of facts and involves the *same injury.* This holds true even where the amendment names or substitutes a new party plaintiff, as long as the new plaintiff is not seeking to enforce an independent right or to impose a greater liability on the defendant"), *citing Klopstock v. Superior Court* 17 Cal.2d 13, 20–22 (1941); *Pasadena Hospital Assn. Ltd. v. Superior Court* 204 Cal.App.3d 1031, 1034–1037 (1988); *Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670.

Defendants are thus correct that, while the City of Fresno claim "put Defendants on notice that an estate existed for decedent," it did not put them on notice that Canter had an adult son who would be pursuing claims for injuries that are distinct and different from: (1) Canter's estate; or (2) Canter's parents. (Defendants' Reply Brief 5:11-12, ECF No. 34.) Nor was there substantial (or indeed, any) compliance with the Act by Moore.[11] His name does not appear on the City of Fresno claims, nor are his injuries alleged in the initial Complaint. Even if his injuries are based on the same general set of facts as the injuries to Canter and the Knoxs, they are distinguishable because they are personal to him as an individual. *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal.App.4th 1545, 1550 (2007), *citing Bartalo v. Superior Court*, 51 Cal.App.3d 526, 533

---

[11] The Court does not agree with Plaintiffs' contention that there was substantial compliance with the terms of the Act for Moore's individual claims. While a persuasive argument can be made that there was substantial compliance with the Act's requirements with respect to the Moore's *survivor* claims (because the City of Fresno claim was brought on behalf of Canter's estate—Plaintiffs merely erred in naming Doris Knox the successor in interest of that estate), no such argument can be made with respect to Moore's *individual* claims. Nothing on the face of the City of Fresno claim indicates or even hints at the existence of Moore's own claims against the Defendants. *Nelson v. Cnty. of Los Angeles*, 113 Cal.App.4th 783, 796 (2003) ("Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another").

(1975). Put another way, Moore's individual causes of action seek damages for an injury—*e.g.*, the loss of companionship, comfort, and affection of his mother—that is personal to him and thus different and distinct from the injuries suffered by Jerry and Doris Knox, even if the theory of recovery is the same. *Id.* at 1551 ("in a wrongful death action, the 'injury' is not the general loss of the decedent, but the ***particular loss of the decedent to each individual claimant***") (emphasis added).[12]

Because the injuries asserted in Moore's individual state claims are different and distinct than those asserted by Jerry and Doris Knox or Moore's survivor state claims, the addition of those claims creates a "new cause of action that seeks to enforce an independent right; as such, the relation-back doctrine will not apply." *Id.* at 1553. Moore's individual state claims must thus be dismissed.

## IV.   ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 30). Accordingly, IT IS HEREBY ORDERED:

1) Defendants' Motion to Dismiss the Third (Wrongful Death), Fourth (Negligence), and Fifth (Battery) Causes of Action alleged by Plaintiff Doris Knox is DENIED;

2) Defendants' Motion to Dismiss the Third (Wrongful Death), Fourth (Negligence), and Fifth (Battery) Causes of Action alleged by Plaintiff Jerry Knox is DENIED;

3) Defendants' Motion to Dismiss the Third (Wrongful Death), Fourth (Negligence), and Fifth (Battery) Causes of Action alleged by Plaintiff Jeremy Moore as the successor in interest to Veronica Canter is DENIED; and,

4) Defendants' Motion to Dismiss the Third (Wrongful Death), Fourth (Negligence), and Fifth (Battery) Causes of Action alleged by Plaintiff Jeremy Moore on his own behalf is GRANTED. The First (Fourth Amendment) and Second (Fourteenth

---

[12] By way of contrast, Jerry and Doris Knox have suffered the exact same injuries across every iteration of their claim—in the City of Fresno claim, the initial Complaint, and the FAC. So too, Canter's injuries (the claims for whom accrue to the estate) are consistent across the City of Fresno claim, the initial Complaint, and the FAC. Moore's personal injuries, however, are not—they do not appear in the City of Fresno claim or the initial Complaint. Rather, they first spring into existence in the FAC.

Amendment) Causes of Action alleged by Plaintiff Jeremy Moore on his own behalf remain unaffected by this Order.

IT IS SO ORDERED.

   Dated: **October 8, 2015**                **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE