# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX; DORIS RAY KNOX; JEREMY EDWARD MOORE, as successor-in-interest to VERONICA LYNN CARTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | **Case No. 1:14-cv-00799-EPG**<br><br>**ORDER RE: STIPULATION TO MODIFY EXPERT DISCOVERY AND MOTION DEADLINES IN SCHEDULING ORDER**<br><br>(ECF No. 49) |

On October 10, 2015, the parties filed a Stipulation pursuant to Local Rule 144 requesting modification of the deadlines set in this case by the Scheduling Conference Order (ECF No. 14), which have already been extended by the Stipulation and Order Extending Schedule (ECF No. 32). The Court notes that the some of these deadlines have already passed (including, for example, the expert and rebuttal expert disclosure deadlines). Moreover, the parties made no attempt to justify the need for an extension or otherwise provide good cause.

///

1	Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To demonstrate "good cause," a party may be required to demonstrate "(1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted). The central inquiry in determining "good cause" is the diligence of the party or parties seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end").

The stipulation submitted by the parties lacks any information on the expert discovery conducted to date or the expert discovery still needed and does not explain why an extension is necessary at this juncture. Nor does it explain the failure to seek modification before the passage of certain ordered deadlines. Although the parties' joint desire to modify a schedule carries great weight, this Court has an independent responsibility to manage its docket and ensure that cases are litigated efficiently.

Accordingly, the Court is unable to find good cause to modify the schedule set by the Scheduling Conference Order as amended by the Stipulation and Order Extending Schedule. The Request to Modify Expert Discovery and Motion Deadlines is thus DENIED WITHOUT PREJUDICE.

Should the parties renew their request for modification of the scheduling order, they should include: (1) an explanation for the request for an extension; (2) a description of the expert discovery they intend to seek and have already completed; and (3) a description of the motions they intend to file that necessitate an extension to the motion filing deadlines.

The parties are also advised that the schedule they have proposed in their Stipulation does not provide adequate time for the resolution of non-dispositive motions before the dispositive motion filing deadline. In any future stipulations, the parties shall space the dispositive motion filing deadline at least eight weeks after the non-dispositive motion filing deadline. The dispositive motion filing deadline must be at least twelve weeks before the proposed pretrial conference date and the hearing date on dispositive motions must be at least eight weeks before the proposed pretrial conference date.

IT IS SO ORDERED.

Dated: **October 15, 2015**          **/s/ Erica P. Grosjean**
                                     UNITED STATES MAGISTRATE JUDGE