Bruce D. Praet SBN 119430
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE KNOX, et al., | NO. 1:14-cv-00799 EPG |
| Plaintiff, | **DEFENDANTS' NOTICE AND MOTION FOR CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER w/ REQUEST FOR SANCTIONS; DECLARATION OF BRUCE D. PRAET w/ EXHIBITS** |
| v. | |
| CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as Chief of Police for the CITY OF FRESNO, | |
| Defendants. | Date:  April 22, 2016<br>Time: 10:00 am<br>Place: Courtroom 10, 6th Fl. |
| | **Telephonic Appearance Requested** |

PLEASE TAKE NOTICE that on April 22, 2016, at 10:00 a.m., in Courtroom 10, of the above-entitled Court, Defendant, City of Fresno, will and does hereby move the Court for an Order of contempt and issuance of sanctions, including an award of attorneys' fees and costs, against Roger A. Clark and Plaintiffs' counsel for violating a court-issued Protective Order. This motion is based upon:

1. Plaintiffs' expert, Roger A. Clark's, reliance and disclosure of confidential information in this matter which is covered by a Protective Order in the prior case of *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI*.

2. The failure of Plaintiffs' counsel to destroy documents as required by a Protective Order in the prior case of *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI.*

Said motion will be made upon the pleadings, briefs and exhibits submitted herewith as well as the Declaration of Bruce D. Praet and such oral argument and other information considered by the Court.

Dated: March 21, 2016

FERGUSON, PRAET & SHERMAN
A Professional Corporation

By: /s/ Bruce D. Praet
Bruce D. Praet, Attorneys for Defendants

## 1. PREFATORY STATEMENT.

While the flagrant violation of the Protective Order issued by this Court in *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI* is supported by overwhelming evidence set forth below, this violation is exacerbated by the fact that Plaintiffs' expert, Roger A. Clark, has been previously sanctioned in federal court for disclosing information covered by an existing Protective Order.  By way of historical background:

- On May 28, 2007, U.S. District Judge Stephen Larson issued an Order in the matter of *Olivas v. Fontana, USDC Case No. EDCV05-0058 SGL*, expressly finding that Roger A. Clark negligently violated the Court's Protective Order by disclosing confidential information during his deposition in an unrelated superior court lawsuit against the City of Fontana.  Although Judge Larson found insufficient evidence of an intentional violation on this prior occasion, the Court nonetheless ordered Mr. Clark to pay attorneys' fees in the amount of $9,898.50 and Mr. Clark was recused from further testimony in the pending matter. [See: Copy of Order attached as exhibit "1"][1]
- On December 20, 2010, Plaintiffs' counsel in the instant case entered into a Protective Order approved by Magistrate Judge Beck in the matter *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI* [See: Copy of Protective Order attached as exhibit "2"] which contained very clear and unambiguous terms:

///

///

---

[1] Although Mr. Clark claims that (ex)Judge Larson mysteriously ordered him never to discuss this Order, the Order contains no such language and there is no evidence of such a gag-order in existence. [See: Clark depo, RT:40 attached as exhibit "3"]

> ¶4 - Protected Information[2] shall be used <u>solely</u> in connection with the civil case of *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI.* (emphasis added)
>
> ¶13 - Each person consents to jurisdiction of the USDC, Eastern District with respect to any proceeding related to enforcement of this Protective Order, including any proceeding for contempt.
>
> ¶14 - At the conclusion of the *Enriquez* case (settled after trial), all documents, in whatever form stored or reproduced, containing protected information, <u>shall be destroyed or tendered back to attorneys for the party producing the documents.</u>[3] (emphasis added)

- The *Enriquez* Protective Order was not only signed by Morrison & Foerster, counsel for the Plaintiffs in the instant case, but Plaintiffs' expert in both matters, Roger Clark, was aware of and agreed to the terms of the Order. [See: Clark depo, RT:34 as exhibit "3]
- On November 6, 2015, Roger Clark submitted a Rule 26 expert report in the instant case which expressly referenced and outlined specific factual details from twenty-two (22) Fresno PD officer involved shooting (OIS) cases, sixteen (16) of which admittedly occurred between 2005 and 2010, in an effort to support his opinion related to Plaintiffs' current *Monell* claim. [See: Clark Rule 26 report attached

---

[2] It is undisputed that the Protected Information covered by the Protective Order in *Enriquez* included 54 Fresno police officer involved shooting investigation (OIS) files ranging from Case No. 05-0032 through 10-0127 produced by the City of Fresno as "Confidential". [See: Clark depo, RT:6 as exhibit "3"]

[3] Following trial in the *Enriquez* case, the entire matter was settled between the parties so that it is entirely closed without any potential further proceedings.

as exhibit "4"]

- Throughout the deposition of Roger Clark in this matter on January 8, 2016, Mr. Clark openly acknowledged that his familiarity with those sixteen (16) pre-2011 cases came exclusively from the materials he received and reviewed under the Protective Order issued in *Enriquez.* [See: Clark depo, RT:14-15; 17; 19; 36 and 39 attached as exhibit "3"] Mr. Clark further acknowledged that only six (6) of the cases relied upon in the instant case came from files produced under the Protective Order issued in this case. [Clark depo, RT:11]

- At the outset of Mr. Clark's deposition, Plaintiffs' counsel, Wesley Overson, produced a CD containing the complete files of all Fresno OIS cases produced by the City of Fresno entirely under the Protective Order in *Enriquez.*[4]

- During Mr. Clark's deposition, Attorney Overson acknowledged that "*Mr. Clark is relying on sixteen of those (Enriquez) same shootings in this matter. It's backup for the conclusions that are in his (Clark's) report.*" [See: Clark depo, RT:8, attached as exhibit "3]

- None of the sixteen (16) *Enriquez* cases relied upon by Mr. Clark in the instant case were introduced as evidence in the *Enriquez* trial. [See: *Enriquez* Trial Exhibit List attached as exhibit "5"] and Mr. Clark acknowledges that he never testified about any of those sixteen (16) cases during the *Enriquez* trial. [See: Clark depo., RT:36-37 as exhibit "3"]

///

---

[4]Because it is undisputed that the protected files contained on this disk were covered by the *Enriquez* Protective Order, the disk is not attached to this motion. However, Defendants will make the disk available to the Court for *in camera* review, if needed.

-3-

It is upon this undisputed factual basis that the following findings are inescapable:

1.  Having been previously sanctioned by a federal court for violating a Protective Order, Plaintiffs' expert, Roger Clark, was intimately familiar with the terms and risks of relying on and disclosing protected information in subsequent litigation even against the same entity originally producing the protected information.

2.  In forming his opinions in the instant case, Roger Clark has acknowledged that he has again knowingly and intentionally disclosed and relied upon no less than sixteen (16) confidential files produced exclusively under the terms of the Court-approved Protective Order issued by Judge Beck in the *Enriquez* case.

3.  Despite having agreed and been ordered to destroy (or return) all copies and forms of the protected OIS files produced in *Enriquez*, Plaintiffs' attorneys have acknowledged that they instead retained (and produced) all such files for use by their expert in the instant case.

While Central District Judge Larson may have given Mr. Clark the benefit of the doubt by finding only "negligence" for the previous reliance on protected information, this latest violation can only be construed as flagrant and intentional. Whether Plaintiffs' counsel ever actually destroyed the protected files covered by the *Enriquez* Protective Order, it is astounding that they would blatantly produce these files and rely on them for their expert to formulate his opinions in this case.

**2.**   **THE ADMITTED VIOLATIONS OF THE COURT'S ORDER WARRANT SANCTIONS AGAINST ROGER CLARK AND PLAINTIFFS' COUNSEL.**

The Court's power to impose a wide range of sanctions against any individual violating the Court's Order has always been inherent within *F.R.Civ.P., Rule 37(b)* and, as Judge Larson has previously confirmed, clearly extends to

Protective Orders issued under *Rule 26(c)*. *Nevil v. Ford Mtr. Co., 1999 U.S. Dist. LEXIS 23222 (D.Ga. 1999)*. [Expert witness found in contempt for relying upon and disclosing information covered by prior Protective Order during deposition in subsequent litigation.] In fact, district courts have been found to have abused their discretion for failing to impose sanctions against individual(s) who violated Protective Orders. *Eagle Comtronics v. Arrow Comm., 305 F3d 1303, 1314 (D.C. Cir. 2002)*.

Although an individual's disobedience of a specific court order must be demonstrated by clear and convincing evidence [*In re Dual-Deck Video, 10 F3d 693, 695 (9th Cir. 1993)*, the contemnor's violation need not be wilful and there is no good-faith exception. The contemnor need only have failed to have taken all reasonable steps within its power to comply. *Id.* It does not matter what the contemnor's intent was at the time they violated the Court's Order. *In re Crystal Palace, 817 F2d 1361, 1365 (9th Cir.* 1987)

### A. Roger Clark's Disobedience of the Prior Protective Order.

Although Mr. Clark has claimed that he destroyed his copies of the OIS files produced under the *Enriquez* Protective Order, both he and his legal counsel have been forced to admit that he "*relied on sixteen (16) of those same shootings in this matter.*" Merely destroying his copies of these protected files was a meaningless gesture once he (1) again incorporated them and all underlying facts into his current *Rule 26* report, (2) had no other source for such files other than by way of his knowledge of these files expressly protected by the *Enriquez* Protective Order, (3) admitted discussing these protected files to form his opinions in this case with Plaintiffs' counsel who was also subject to the *Enriquez* Protective Order, and (4) relied upon these protected files for almost 70% of the basis for his opinions in the instant case.

As the courts have noted, Mr. Clark's intent is irrelevant - it matters only that he knew that 70% of the information he has relied upon in this case and

openly disclosed in his deposition came exclusively from files which are expressly protected by this Court's *Enriquez* Protective Order.  The *Enriquez* Order could not have been more clear with respect to the fact that the sixteen (16) files Mr. Clark now relies upon in the instant case were to be used "***solely*** in connection with the civil case in *Enriquez."* [See: Order, ¶4].

While Central District Judge Larson gave Mr. Clark the benefit of the doubt by only finding "negligence" when he did the exact same thing by relying on protected Fontana OIS files in subsequent litigation against the City of Fontana, it is clear that the serious sanctions imposed by Judge Larson (i.e. $9,898.50 attorney's fees and recusal) were insufficient to impress upon Mr. Clark that Protective Orders are not to be viewed lightly.  *F.R.Civ.P., Rule 37(b)(2)(A)(1)* authorizes the Court to impose such sanctions as are just in order to punish an individual who has violated a Court's Order and to prevent further contempt. Given that this is at least the second time Roger Clark has been caught violating a Protective Order, it is imperative that this Court enforce upon Mr. Clark that such violations will no longer be tolerated and it is respectfully requested that the Court impose not only sanctions similar to those  previously imposed by Judge Larson, but sanctions which include:

- Mr. Clark shall be ordered to personally pay attorney's fees and costs incurred by Defendants in the amount of $8,755.50 to cover the cost of taking his deposition on matters which were in violation of the Court's Order.
- Mr. Clark shall be ordered to destroy all prior reports, content and references in any and all forms which mention or were derived from any materials or files obtained under the *Enriquez* Order.  Such files and information derived from such files may not in any manner be referenced or incorporated into any post-*Enriquez* reports or opinions without written leave of court.

- Given that almost 70% of the foundation for Mr. Clark's opinion(s) in the instant case are derived from information and files obtained exclusively under the clear provisions of the *Enriquez* Protective Order, Mr. Clark shall be recused as a witness in the instant case.

Although the Court could probably fashion more harsh sanctions against Mr. Clark, Defendants will limit their request to these reasonable sanctions and leave any further relief to the sound discretion of the Court.

**B.    Plaintiffs' Counsel's Violation of the Prior Protective Order.**

Notwithstanding the level of professional cooperation and respect between Defense counsel and Plaintiffs' counsel in this and other matters, it is surprising and disappointing that the MOFO law firm would not only (1) blatantly fail to destroy the 2005-2010 OIS files as clearly called for by ¶14 of the *Enriquez* Protective Order, but (2) knowingly discuss them with their expert in both cases for reliance in his opinions in the instant case, and (3) actually produce a CD containing the protected *Enriquez* OIS files at the expert's deposition in this case.

Whether the MOFO firm or Mr. Clark attempt to suggest that the contempt was committed by the other, the courts have made it clear that contempt occurs when an individual merely "aids or abets" another's violation of a Court Order. *Inst. Of Cetacean v. Sea Shepherd Cons. Soc.*, 774 F3d 935, 945 (9th Cir. 2014). Although Defendants have no evidence that the MOFO law firm has ever violated a Protective Order in the past, they simply cannot be permitted to benefit from their undeniable violation in this instance.  As such, Defendants respectfully request that the Court impose sanctions upon Plaintiffs' counsel as follows:

- Plaintiffs' counsel shall be ordered to pay attorneys' fees in the amount of $3,901.00 to cover the cost of bringing this motion.
- Plaintiffs' counsel shall be ordered to destroy all OIS files, in all forms and references whatsoever, from 2005-2010 obtained under the *Enriquez* Protective Order and may not in any manner make reference

   • In the instant case, Plaintiffs shall be precluded from introducing or in any way relying on any expert opinions proffered by Roger Clark or any information or analysis referenced by him.

Once again, while *Rule 37* actually permits the Court to go so far as to dismiss related claims (e.g. *Monell*) or even the entire action, Defendants remain cautiously optimistic that the above-listed sanctions will sufficiently address the admitted violations by Plaintiffs' counsel and will leave any further sanctions to the sound discretion of the Court.

### 3. **CONCLUSION.**

Since retiring from law enforcement in 1965, Roger Clark has been making thousands of dollars by testifying that officers have purportedly acted improperly in 99.9% of the more than 1000 cases he has accepted as an "expert" witness. [Clark depo., RT:47, exhibit "3"]. Given his vast experience in dealing with Protective Orders and testifying in the courts, his repeated violation of a federal Court Order cannot be tolerated and it is respectfully requested that the Court impose the above-outlined sanctions against him for the current contempt and to impress upon him that such conduct will not be tolerated.

///

///

///

///

///


1     Perhaps equally disappointing is the inescapable fact that the very experienced MOFO law firm knowingly violated the Court's *Enriquez* Order by failing to destroy protected files and worse yet utilizing such files with their retained expert to attempt to support their *Monell* claim in the instant case. Just as such conduct cannot be tolerated by Mr. Clark, Defendants respectfully request that the Court impose the sanctions separately outlined above against Plaintiffs' counsel.

Dated: March 21, 2015

FERGUSON, PRAET & SHERMAN
A Professional Corporation

By:   /s/   Bruce D. Praet
Bruce D. Praet, Attorneys for Defendants

-1-

## DECLARATION OF BRUCE D. PRAET

I, Bruce D. Praet, declare and say:

1. That I am an attorney duly licensed to practice before this and all courts within the state of California and that I am counsel of record for Defendants in this matter. Except where expressly stated to the contrary, I have personal knowledge of the facts contained herein and, if called to testify as a witness, would testify in conformity herewith.

2. Attached hereto as exhibit "1" is a true and correct copy of Central District (ex)Judge Larson's contempt Order against Roger A. Clark in the matter of *Olivas v. Fontana, USDC Case No. EDCV 05-0058 SGL.*

3. Attached hereto as exhibit "2" is a true and correct copy of this Court's Protective Order issued in *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI.*

4. Attached hereto as exhibit "3" are true and correct pages from the certified transcript of the deposition of Roger A. Clark taken by me in this matter on January 8, 2016.

5. Attached hereto as exhibit "4" is a true and correct copy of the Rule 26 expert report of Roger A. Clark submitted in support of his proposed opinions in this matter.

6. Attached hereto as exhibit "5" is a true and correct copy of the final Trial Exhibit List in the matter of *Enriquez v. City of Fresno.*

7. As a partner in the law firm of Ferguson, Praet & Sherman, I have spent over thirty (30) years exclusively defending police litigation, predominantly in the federal courts. Although I was not defense counsel for the City of Fresno in the *Enriquez* matter, the record reflects that Plaintiffs' counsel in the instant case, Arturo Gonzales, was counsel for the Plaintiffs in that matter.

///

///

8. As defense counsel for the Defendants in this matter since the outset of this litigation, I have billed the City of Fresno at the nominal public entity rate of $235 per hour in tenths of an hour increments, plus actual costs incurred.

9. With respect to preparing for and taking the deposition of Roger A. Clark in this matter, Defendants have incurred the following:

   a. <u>Month of November, 2015</u>

Receive and review Clark's expert report; extensive research and review of (22) OIS files contained in Clark's report; obtain prior sanction order against Clark; Provide and review Clark's report with Defendant's expert.

Total: 7.5 hours at $235/hour = $1,762.50

   b. <u>Month of January, 2016</u>

Prepare and outline examination of Clark for deposition; travel to San Francisco for Clark depo; Take Roger Clark's deposition; Return Travel; Draft status report and depo outline to client.

Total: 12.5 hours at $235/hour = $2,937.50

   c. <u>Costs of Defense Expert related to Roger Clark</u>

As a direct result of the Rule 26 expert report submitted by Roger Clark, Defendants were billed $1,278.75 by defense expert George Williams for time spent reviewing, analyzing and attempting to rebut Clark's opinion(s).

   d. <u>Additional Costs</u>

In order to attend and take the deposition of Roger Clark at the law offices of Plaintiffs' counsel, I had to fly to San Francisco and spend the night before returning to my offices in Orange County. Necessarily incurred travel costs billed to and paid by Defendants were: $367.21 airfare, $286.04 hotel, $112.00 taxi/Uber fares and $60 airport parking for a total of $825.25.

///

///

///

1  Defendants were also required to pay Mr. Clark his hourly rate for taking
2 his deposition for a total of $1,400.00. Defendants were also billed for and paid
3 for a transcript of Roger Clark's deposition at a cost of $521.50.
4  Total costs: $2,776.75
5 TOTAL Roger Clark fees and costs: $8,755.50
6  10.  With respect to the preparation of this Motion to address the contempt
7 by both Roger Clark and Plaintiffs' counsel, Defendants have incurred the
8 following attorneys' fees and costs:
9  a. Month of March, 2016
10  Review, outline and prepare all exhibits; Legal research re: contempt; Draft
11 Motion for Contempt w/ declaration; Receive and review opposition; It is
12 reasonably anticipated that an additional 4.0 hours will be required to reply to any
13 opposition as well as uncertain costs if required to appear at any hearing.
14  Total: 16.6 hours at $235/hour = $3,901.00
15  I declare under the penalty of perjury that the forgoing is true and correct
16 and that this declaration was executed by me on March 21, 2016, at Santa Ana,
17 California.

                                            /s/   Bruce D. Praet
                                            Bruce D. Praet

-4-