**EXHIBIT "2"**

1 ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
2 WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
3 TED HASSE (CA SBN 257794)
THasse@mofo.com
4 MORRISON & FOERSTER LLP
425 Market Street
5 San Francisco, California 94105-2482
Telephone: 415.268.7000
6 Facsimile: 415.268.7522

7 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTAREZ-ENRIQUEZ (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, a municipal corporation; JERRY DYER, in his individual capacity; MIKE PALOMINO, in his individual capacity; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 10-CV-00581-AWI-DLB <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint filed: April 5, 2010 |

Stipulated Protective Order
sf-2860920



EXHIBIT 5
CLARK
1/8/16
Anne Torreano, CSR 10520

1  To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes
2  over confidentiality of discovery materials, to adequately protect information the parties are
3  entitled to keep confidential, to ensure that only materials that the parties and third-parties are
4  entitled to keep confidential are subject to such treatment, and to ensure that the parties are
5  permitted reasonably necessary uses of such materials in preparation for and in the conduct of
6  trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED
7  THAT:
8      1. Documents designated as "Confidential" or "Confidential —Counsel Only"
9  (hereinafter collectively "Protected Information"), and produced by parties to this action, are
10 subject to this Protective Order.
11     2. "Confidential" documents shall be defined as documents for which the
12 designating party would be entitled to have protected from public disclosure by Court order under
13 Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law.
14     3. "Confidential - Counsel Only" documents shall be defined as "Confidential"
15 documents, as defined in paragraph 2, that also contain sensitive personal information, including,
16 for example, personnel records and medical records.
17     4. Protected Information shall be used solely in connection with the civil case of
18 *Enriquez, et al. v. City of Fresno, et al.*, Case No. 1:10-cv-00581, and in the preparation of trial of
19 this case, or any related proceeding.
20     5. Protected Information includes documents identified in the Attachment(s) to this
21 Protective Order.
22     6. A party producing the documents and materials described above may designate
23 those materials by affixing a mark labeling them as "Confidential" or "Confidential —Counsel
24 Only." If any Protected Information cannot be labeled with the aforementioned marking, those
25 materials shall be placed in a sealed envelope or other container that is in turn marked with the
26 appropriate designation in a manner agreed upon by the disclosing and requesting parties.
27     7. Protected Information designated under this Protective Order as "Confidential"
28 may only be disclosed to the following persons:

      a)     Counsel for the parties;

      b)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

      c)     Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

      d)     Any expert or consultant retained in connection with this action;

      e)     The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

      f)     The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

8.     Protected Information designated under this Protective Order as "Confidential – Counsel Only" may only be disclosed to the following persons:

      a)     Counsel for the parties;

      b)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

      c)     Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

      d)     Any expert or consultant retained in connection with this action; and

      e)     The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

9.     All Protected Information filed with the Court for any purpose shall be filed and served under seal in accordance with Local Rule 141.

10.     The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

11. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

12. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential," or appropriately designated as "Confidential –Counsel Only." Prior to so applying, the party seeking to reclassify Protected Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" or "Confidential –Counsel Only" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

13. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

14. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order. The conclusion of this litigation means a termination of the case following

1 applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all
2 Protected Information received under the provisions of this Protective Order, including copies
3 made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the
4 documents. The parties will also take all reasonable and necessary steps to ensure that persons to
5 whom they disclose another party's Protected Information destroy or return the Protected
6 Information to the producing party.

8 Respectfully submitted,

9 Dated: December 20, 2010        MORRISON & FOERSTER LLP

11                                By: /s/ Theodore M. Hasse
                                  Arturo J. González
12                                Wesley E. Overson
                                  Theodore M. Hasse
13
                                  Attorneys for Plaintiffs
14
15 Dated: December 20, 2010        WEAKLEY, ARENDT & McGUIRE, LLP

17                                By: /s/ James D. Weakley
                                  James D. Weakley
                                  Rosemary T. McGuire
18                                Valerie J. Velasco
                                  Attorneys for Defendants

21 IT IS SO ORDERED.

22 Dated: **December 20, 2010**          /s/ *Dennis L. Beck*
23                                        UNITED STATES MAGISTRATE JUDGE

```
 1  James D. Weakley, Esq.      Bar No. 082853
    Valerie J. Velasco, Esq.    Bar No. 267141
 2
    WEAKLEY, ARENDT & McGUIRE, LLP
 3      1630 East Shaw Avenue, Suite 176
         Fresno, California 93710
 4         Telephone: (559) 221-5256
           Facsimile:  (559) 221-5262
 5
 6  Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, and MIKE PALOMINO
 7
 8
                    IN THE UNITED STATES DISTRICT COURT
 9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
12  JULIA DIANE ENRIQUEZ, individually and as  )  CASE NO. 1:10-CV-00581-AWI-DLB
    successor-in-interest to STEVEN ANTHONY    )
13  VARGAS, Deceased; JANE CARLOS              )
    VARGAS; AMADO VARGAS; STEVEN               )
14  ANTHONY VARGAS, JR. (a minor through his   )  ATTACHMENT ONE (1) TO
    guardian ad litem, JULIA DIANE ENRIQUEZ);  )  STIPULATED PROTECTIVE ORDER
15  ANGELO ALECZANDER VARGAS (a minor          )
    through his guardian ad litem, JULIA DIANE )
16  ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a      )
    minor through his guardian ad litem, JULIA )  Trial Date: October 4, 2011
17  DIANE ENRIQUEZ); HAILEY ROSE               )
    FIGUEROA (a minor through his guardian ad  )
18  litem, JULIA DIANE ENRIQUEZ); and LEAH     )
    REALYNN GORTAREZ-ENRIQUEZ (a minor         )
19  through his guardian ad litem, JULIA DIANE )
    ENRIQUEZ),                                 )
20                                             )
               Plaintiffs,                     )
21                                             )
          vs.                                  )
22                                             )
    CITY OF FRESNO, a municipal corporation;   )
23  JERRY DYER, individually and in his capacity )
    as a Chief of Police for the CITY OF FRESNO; )
24  MIKE PALOMINO, individually and in his     )
    capacity as a police officer for the CITY OF )
25  FRESNO; and DOES 1 through 50, inclusive,  )
                                               )
26             Defendants.                     )
27  _____
    Attachment One (1) to Stipulated Protective Order
28
```

1　　　　　The following documents identified in Attachment One (1) will be subject to the provisions
2　of the Stipulated Protective Order filed on December 14, 2010:
3　　　　1.　Recordings of Dispatch Communication and 911 calls;
4　　　　2.　Autopsy photographs and photographs of Stephen Anthony Vargas at the scene;
5　　　　3.　Relevant personnel and training records of Sergeant Mike Palomino (to be
6　　　　　　designated by the defendants as Confidential – Counsel Only);
7　　　　4.　Plaintiffs' medical records (to be designated by the plaintiffs as "Confidential –
8　　　　　　Counsel Only); and
9　　　　5.　Steven Vargas' Fresno County Probation Department records.
10　　　　6.　Defendants believe that certain Fresno Police Department policy and procedure
11　documents are Confidential documents (to be designated by the defendants as Confidential –
12　Counsel Only). Plaintiffs do not agree that all such documents are necessarily Confidential
13　however, plaintiffs will treat documents designated as Confidential by defendants as such under
14　the Protective Order until any dispute is resolved.
15　　　　7.　Plaintiffs believe that plaintiffs' school records are Confidential documents (to be
16　designated by the plaintiffs as Confidential – Counsel Only). Defendants do not agree that such
17　documents are necessarily Confidential, however, defendants will treat documents designated as
18　Confidential by plaintiffs as such under the Protective Order until any dispute is resolved.

DATED: December 20, 2010

WEAKLEY, ARENDT & McGUIRE, LLP

By: /s/ James D. Weakley
James D. Weakley
Valerie J. Velasco
Attorneys for Defendants

Attachment One (1) to Stipulated Protective Order　　　2

1  DATED: December 20, 2010

2                                            MORRISON & FOERSTER, LLP

3                              By:    /s/ Theodore M. Hasse
                                      Arturo J. Gonzalez
4                                     Wesley E. Overson
                                      Theodore M. Hasse
5                                     Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
   _____
   Attachment One (1) to Stipulated Protective Order        3
28

From: caed_cmecf_helpdesk@caed.uscourts.gov
Sent: Tuesday, December 21, 2010 8:40 AM
To: CourtMail@caed.uscourts.gov
Subject: Activity in Case 1:10-cv-00581-AWI-DLB Enriquez et al v. City Of Fresno et al

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## U.S. District Court

### Eastern District of California - Live System

## Notice of Electronic Filing

The following transaction was entered on 12/21/2010 at 8:40 AM PST and filed on 12/21/2010
**Case Name:** Enriquez et al v. City Of Fresno et al
**Case Number:** 1:10-cv-00581-AWI-DLB
**Filer:**
**Document Number:** 28

**Docket Text:**
**Stipulated PROTECTIVE ORDER signed by Magistrate Judge Dennis L. Beck on 12/20/2010. (Hernandez, M)**


1:10-cv-00581-AWI-DLB Notice has been electronically mailed to:

Arturo Jorge Gonzalez    agonzalez@mofo.com, eperez@mofo.com

James Darvin Weakley    bev@wam-llp.com, brande@wam-llp.com, carol@wam-llp.com, jim@wam-llp.com, joy@wam-llp.com

Rosemary Therese McGuire    Rosie@wam-llp.com, carol@wam-llp.com, cynthia@wam-llp.com, joy@wam-llp.com, tiffany@wam-llp.com

Theodore Michael Hasse    thasse@mofo.com, kbeaudoin@mofo.com

Wesley E Overson , Jr    WOverson@mofo.com, kmarttila@mofo.com

**1:10-cv-00581-AWI-DLB Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=12/21/2010] [FileNumber=4342215-0] [33ee7fa73b012ed3406e489b9c3216a243a4da54d7362a4bdd9b4f73bafc3b34e2 190ee55721e47a53508e90a97aa0e043cae215a306101419c3311e8f1c4afe]]