Bruce D. Praet SBN 119430
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS RAY KNOX, JERRY WAYNE KNOX, JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO, DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>    Defendants. | No. 1:14-cv-00799 EPG<br><br>**[PROPPOSED] ORDER re DEFENDANTS' MOTION FOR CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER w/ REQUEST FOR SANCTIONS** |

The Motion for Contempt for Violation of Protective Order with Request for Sanctions by Defendants City of Fresno, Christopher Louchren and Douglas Cox was heard on April 22, 2016, by the Honorable Erica J. Grosjean. The issues having been duly considered, the Court finds that:

1

1. By knowingly relying upon and disclosing sixteen (16) prior officer involved shooting files in the instant case which had been provided by the City of Fresno for use solely in the matter of *Enriquez v. City of Fresno, USDC Case No. 1:10-cv-00581 AWI,* Roger A. Clark is in contempt of court for having violated the clear provisions of the Protective Order issued in *Enriquez.*

2. Given that Mr. Clark has previously been sanctioned by the district court for similar conduct in the matter of *Olivas v. Fontana, USDC Case No. EDCV05-0058 SGL*, his conduct in the instant case cannot be considered inadvertent or negligent, but instead knowing and intentional.

3. Since Plaintiffs' counsel, Morrison & Foerster, has been counsel in both the *Enriquez* matter and the instant case, it is clear that the law firm violated the terms of the *Enriquez* Protective Order by retaining and continuing to rely upon protected officer involved shooting files in direct contradiction to the Court's Order to destroy or return such files to counsel for the City of Fresno at the conclusion of the *Enriquez* case.

**IT IS THEREFORE ORDERED that:**

1. Within thirty days of this Order, Roger A. Clark shall personally pay sanctions to the City of Fresno in the amount of $8,755.50 to cover the attorneys' fees and costs incurred by Defendants in addressing the results of Mr. Clark's contempt.

///

2. Roger A. Clark shall promptly destroy all prior reports, content and references in any and all forms which mention or were derived from any materials or files obtained under this Court's Order in *Enriquez*.  Such files and information derived from such files may not in any manner be referenced or incorporated into any post-*Enriquez* reports or opinions without written leave of court.

3. Roger A. Clark may not testify, render any opinions or in any way contribute to the current matter of *Knox v. City of Fresno.*

4. Within thirty days of this Order, the law firm of Morrison & Foerster shall pay sanctions for the City of Fresno in the amount of $3,901.00 to cover the attorneys' fees and costs incurred by Defendants in bringing this motion.

5. The law firm of Morrison & Foerster shall promptly destroy all officer involved shooting files, in all forms and references whatsoever, obtained under the *Enriquez* Protective Order and may not in any manner make reference to any such files or their contents without first obtaining such information from an independent source or with leave of court.

6. Plaintiffs in the instant *Knox* case are precluded from introducing or in any way relying upon any opinions proffered by Roger A. Clark or any information or analysis referenced by him.

Dated: _____ , 2016

_____
Honorable  Erica P. Grosjean
United States District Court Judge

3