UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | Case No. 1:14-cv-00799-EPG<br><br>**ORDER RE: DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS AND OSC HEARING RE: CONTEMPT**<br><br>(Doc. 56) |

Pending before the Court is Defendants' Motion for an Order of Contempt and Request for Sanctions Against Roger Clark and Plaintiffs' Counsel for a Violation of a Protective Order. (Doc. 56). The Court reviewed Plaintiffs' Opposition (Doc. 78), as well as the Defendants' Reply. (Doc. 84). The hearing on the motion was converted to an Order to Show Cause Hearing re: Contempt on May 27, 2016. (Doc. 87). Plaintiffs' counsel waived the right to an

evidentiary hearing and submitted based on arguments made during the hearing and in the pleadings.

"Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). A party asserting contempt for violation of a court order must establish that the accused party "'(1) [] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" *Labor/Cnty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695). "A contemnor in violation of a court order may avoid a finding of contempt only by a showing that it took all reasonable steps to comply with the order." *Kelly et al, v. Wengler et al.*, No. 13-35972, slip op. at 15, (9th Cir. May 23, 2016). A party may also be held liable for knowingly aiding and abetting another to violate a court order. *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F. 3d 935, 945 (2014) citing *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S. Ct. 478 (1945). Although there is no *per se* "good faith" exception, the Ninth Circuit has held that a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order. *Institute of Cetacean Research,* 774 F. 3d at 953; *In re Dual–Deck Video*, 10 F.3d at 695.

For the reasons stated below and more fully set out on the record, the Court holds Mr. Roger Clark and the law firm of Morrison Foerster, LLP in contempt for a violation of the protective order in *Enriquez v. City of Fresno*, USDC Case No. 1:10-cv-00581 AWI-BAM ("Enriquez Case") (Doc. 28). There was a definite and specific court order in the form of the Stipulated Protective Order, dated December 20, 2010, in the *Enriquez* case. (Doc. 28 in Enriquez case, Exhibit 2 to Declaration of Bruce D. Praet in support of Defendants' Motion for

Contempt for Violation of Protective Order, Doc. 56-2 ("Praet Declaration")).  That order provided in relevant part:

> Protected Information shall be used solely in connection with the civil case of <u>Enriquez, et al v. City of Fresno, et al.</u>, Case No. 1:10-cv-00581, and in the preparation of trial of this case or any related proceeding.  (para 4 of Protective Order)
>
> … Each person to whom disclosure if made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  (para 13 of Protective Order)
>
> After the conclusion of this litigation, all documents in whatever form stored or reprodueced, containing Protected Information will remain confidential and subject to this Protective Order. . . . After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the documents.  The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or return the Protected Information to the producing party.  (para 14 of Protective Order)

Roger Clark and Morrison Foerster, LLP violated this order.  Mr. Clark's expert report in this case, which was prepared with the assistance and knowledge of Morrison Foerster, LLP, relied in part on Mr. Clark's "expert reports from the *Enriquez* case, which included Protected Information as defined in the *Enriquez* Protective Order.  (Exhibit 4 to the Praet Declaration, Doc. 56-4).  Moreover, counsel for Morrison Foerster, LLP retained a copy of confidential files from the Enriquez case.

As to use of the *Enriquez* protected material in the expert report and opinions, Mr. Clark and Morrison & Foerster, LLP were not in substantial compliance with the protective order.  The reliance on the Protected Information in the expert report was substantial and material.  It includes statistics incorporating information from the *Enriquez* case, and specific facts about

prior policy incidents produced solely in the *Enriquez* case. The Court finds, however, that Morrison & Foerster, LLP substantially complied with the provision regarding destruction of materials in that only one copy remained, it was not relied on in forming Mr. Clark's report or otherwise litigating the instant case, and it was immediately turned over to defense counsel upon discovery.

The violation of the Protective Order was not based on a good faith and reasonable interpretation of the order. In this case, Morrison & Foerster claims that the order only prohibited use of the confidential documents in *Enriquez* and thus did not prohibit use of the expert report produced in *Enriquez*. The Protective Order covers "Protected Information," and not merely the literal documents produced. The expert report in *Enriquez* relied upon and is derived from that protected information. To hold otherwise would be contrary to practice and vitiate every similar protective order by allowing parties and experts to use protected information so long as they first summarized that information in another document.

The violation of the Protective Order is supported by clear and convincing evidence as described above. Roger Clark has disobeyed a specific and definite order of the court, and Morrison Foerster, LLP aided and abetted this violation. Thus, this Court has authority to impose sanctions pursuant to its inherent authority and 18 U.S.C. § 401; *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 944 (9th Cir. 2014) ("We have 'inherent power' to initiate contempt proceedings. We also have statutory authority to punish both civil and criminal contempt pursuant to 18 U.S.C. § 401."); *F.T.C. v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012) ("District courts have broad equitable power to order appropriate relief in civil contempt proceedings."), citing *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[I]t is firmly established that the power to punish for contempts is inherent in all courts. . . . The underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." ) (internal citations and quotations omitted).

As a sanction for Mr. Clark and Morrison & Foerster, LLP's contempt of a court order, this Court will preclude Plaintiff from relying in any way on evidence presented in the *Enriquez* case, including information covered by the *Enriquez* protective order, discussed in the *Enriquez* expert report, or addressed during the *Enriquez* trial, including the *Enriquez* verdict itself.[1]  The Court believes such sanction is proper because it all relates to the information in the Protective Order, and by violating that order, Plaintiff has lost the right to reconstruct what of that information was separately disclosed such that its use would not violate the protective order. The Court also issues sanctions in the amount of the attorneys fees that Defendant expended in pursuing its motion for contempt, but denies Defendant's request for attorneys fees for Mr. Clark's deposition, which would have been taken even without Mr. Clark's use of information in violation of the *Enriquez* protective order.

The Court, however, denies Defendant's request to exclude Mr. Clark as an expert witness entirely.  Mr. Clark's use of information properly gleaned from discovery in this case, or from any source not connected to the *Enriquez* case, was not done in violation of any court order. The Court finds that exclusion of Mr. Clark as an expert witness would be an unduly harsh remedy that could be unfairly prejudicial to the Plaintiff.  It is worth noting that, due to the passage of time since the *Enriquez* case, the Court's ruling preserves Plaintiff's ability to use all evidence it has obtained regarding the past five years.  The Court finds that this sanction properly addresses the importance of adhering to court orders, while preserving the Plaintiff's ability to make its case with the most recent, and likely most relevant, evidence to the issues in this case.

Accordingly, Defendants' request for sanctions (Doc. 56) is granted IN PART as follows:

1) All matters admitted into evidence and information garnered from the Enriquez case, as well as the verdict in the Enriquez case as explained above, shall be excluded. Information and evidence that was produced in this case but was not used in the *Enriquez* case, or received from a public source unconnected to the *Enriquez* case, is permitted;

---

[1] Note the the *Enriquez* verdict itself was also subject to an exclusion related to a separate motion in limine, addressed in a separate order.

2) Mr. Clark will be permitted as an expert witness, however, he shall not testify regarding any of the cases or materials used in the *Enriquez* trial including the *Enriquez* verdict;

3) Morrison and Foerster and Roger Clark are both sanctioned in the amount of the reasonable attorney's fees to compensate Defendants for prosecuting this motion. Liability for payment will be joint and several.  Defense counsel submitted a declaration on May 31, 2016 (Doc. 88), indicating that attorney's fees related to filing this motion was $6,956.00.  Any opposition to the amount of attorney's fees requested shall be filed no later than June 8, 2016; and

4) The request for payment of costs and fees related to the taking of Mr. Clark's deposition is DENIED.

IT IS SO ORDERED.

Dated:   **June 3, 2016**                              /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

6