UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | Case No. 1:14-cv-00799-EPG<br><br>**ORDER ON MOTIONS TO BIFURCATE**<br><br>(ECF Nos. 65, 70) |

On May 27, 2016, this Court heard the motions to bifurcate of Plaintiffs Doris Ray Knox, Jerry Wayne Knox, and Jeremy Edward Moore ("Plaintiffs") and Defendants City of Fresno, Edward Christopher Louchren, and Douglas Edward Cox. (ECF Nos. 65, 70.) Plaintiffs appeared by counsel Arturo Gonzalez, Wesley Overson, Robert Esposito, and Sabrina Larson. Defendants appeared by counsel Bruce Praet. The Court further considered the arguments of counsel on the record at the time of the hearing. The Court ruled from the bench on the motions and incorporates those rulings herein. For the reasons described on the record

and in this Order, the Court issues the following written order confirming its rulings on the Defendants' and Plaintiffs' motions to bifurcate.

Defendants request that the Court bifurcate the trial with respect to individual liability and *Monell* liability for the City of Fresno. Under Rule 42(b) of the Federal Rules of Civil Procedure, a trial court may "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims," for "convenience, to avoid prejudice, or to expedite and economize" the resolution of those claims. District courts enjoy "broad discretion to order separate trials." *Davis v. Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991), *superseded by statute on other grounds as recognized in Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992); *Estate of Lopez v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547, at *4 (N.D. Cal. Apr. 26, 2016) ("Rule 42(b) confers 'broad authority,' and giv[es] the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires.")

Under *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), municipal liability requires that the individual officer defendants inflicted a constitutional harm on the victim. *Id.* ("neither *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflict no constitutional harm."); *Scott v. Heinrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights."). In this case, there is no policy alleged to have caused harm on Veronica Canter separate and apart from the actions of the individual officer defendants' actions. Thus, if Defendants demonstrate that the individual officers did not violate Canter's constitutional rights, Plaintiffs will be unable to establish *Monell* liability.[1] Bifurcation would thus streamline the resolution of Plaintiffs' claims.

---

[1] Defendants have agreed to stipulate to vicarious liability with respect to Plaintiffs' state claims, should Plaintiffs demonstrate individual liability.

The Court also finds that there is a risk of juror confusion if the individual liability claims are considered at the same time as the municipal liability claims.  While the individual liability claims will require the jury to consider what a reasonable officer would or should have known in construing the objective reasonableness of the officers' actions, the municipal claims will involve the introduction of evidence that the officers did not know and that no reasonable officer would know.

Moreover, combining the claims is prejudicial to both sides.  It is prejudicial to the individual defendants because it would introduce a number of other bad acts by the city for which the individual defendants bore no responsibility.  It is also prejudicial to plaintiffs because it suggests to jurors that they could render a verdict in favor of the individual officers but against the city, which could force the to invalidate that verdict in order to conform to the law.

Many other courts have found bifurcation appropriate under similar circumstances.  *Qunitanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).  The Court thus finds it appropriate to bifurcate the trial into two phases: Phase One will determine individual liability for the officer defendants, along with vicarious liability for the City as to the third, forth and fifth causes of action, and Phase Two will determine municipal liability for the City of Fresno as to the first and second causes of action.

Plaintiffs also move to bifurcate the trial for the purpose of separating liability and damages.  Defendants are not opposed to this request and propose trifurcating the trial.  Plaintiffs asked that the Court give them time to consider the possibility of trying the issue of damages in Phase Two, along with the *Monell* claims, and asked to have until May 31, 2016 to make that decision.  The Court granted both parties leave to file briefing notifying the Court of their intent to bifurcate the trial in this way no later than May 31, 2016.  Neither party filed any briefing on this issue.  Thus, the issue of damages will be heard after Phase Two is completed.  The Court finds that dividing the phases as requested by both parties would increase efficiency and would not create undue prejudice or confusion.

For the reasons set forth above and on the record, the Court orders as follows:

1. The Court GRANTS the Motions to Bifurcate (ECF Nos. 65, 70) and trial in this matter shall be trifurcated into three phases: Phase One shall determine liability on the part of the individual officer defendants along with vicarious liability of the City of Fresno as to causes of action three, four and five; Phase Two shall determine liability on the part of the City of Fresno as to causes of action one and two; and Phase Three shall determine damages for all defendants.

2. The parties are DIRECTED to submit proposed jury instructions, as detailed in the Court's pretrial order (ECF No. 64), no later than **June 3, 2016**. The parties are invited to include limiting instruction(s) concerning the use of evidence concerning Canter's mental health history for state causes of action (as detailed on the record and in the Court's Order re: Motions in Limine);

3. The parties are directed to submit supplemental briefing as detailed on the record, no later than **June 3, 2016**, on the issues of:

    a. The admissibility of police policies and procedures into Phase One of trial; and,

    b. Whether qualified immunity is properly a question for the court (rather than the jury) to decide and, if so, which factual issues must be submitted to the jury for these purposes.

4. The Court SETS a hearing on the above issues for **June 13, 2016** at **10:00 a.m.** in Courtroom 10.

IT IS SO ORDERED.

Dated:  **June 1, 2016**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

4