**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | **Case No. 1:14-cv-00799-EPG**<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(ECF Nos. 66, 67, 68, 69, 71, 75) |

On May 27, 2016, this Court heard the motions in limine of Plaintiffs Doris Ray Knox, Jerry Wayne Knox, and Jeremy Edward Moore ("Plaintiffs") and Defendants City of Fresno, Edward Christopher Louchren, and Douglas Edward Cox. (ECF Nos. 71, 75, 66, 67, 68, 69.) Plaintiffs appeared by counsel Arturo Gonzalez, Wesley Overson, Robert Esposito, and Sabrina Larson. Defendants appeared by counsel Bruce Praet. The Court further considered the arguments of counsel on the record at the time of the hearing. The Court ruled from the bench on the motions and incorporates those rulings herein. For the reasons described on the record

1

and in this Order, the Court issues the following written order confirming its rulings on Defendants' and Plaintiffs' motions in limine.

### PLAINTIFF'S MOTIONS IN LIMINE

**Plaintiffs' Motion in Limine No. 1**

Plaintiffs move under Federal Rules of Evidence 401 and 403 to preclude reference to the number of law enforcement officer deaths in recent years. For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 1 is GRANTED as to Phase One (Individual Liability) of the trial; provided, however, that individual officers may be questioned about their subjective fears with respect to officer deaths (based on their own knowledge) and experts may testify that they have been involved in statistical studies to lay the foundation for their expertise. Plaintiffs' Motion in Limine No. 2 is RESERVED as to Phase Two (*Monell* Liability) of trial.

**Plaintiffs' Motion in Limine No. 2**

Plaintiffs move under Federal Rules of Evidence 401 and 403 to preclude reference to Veronica Canter's rap sheet and arrest/conviction history. For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 2 is GRANTED with respect to any liability phases of trial. Any references to Canter's arrest/conviction history in the damages phase of trial remain subject to Federal Rule of Evidence 403.

**Plaintiffs' Motion in Limine No. 3**

Plaintiffs move under Federal Rules of Evidence 401 and 403 to preclude references to Veronica Canter's history of illegal drug use. For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 3 is GRANTED with respect to any liability phases of trial. Any references to Canter's history of illegal drug use in the damages phase of trial remain subject to Federal Rule of Evidence 403.

**Plaintiffs' Motion in Limine No. 4**

Plaintiffs move under Federal Rule of Evidence 401 to preclude reference to the Health Insurance Portability and Accountability Act ("HIPAA") or any suggestion that it could have prevented the defendant officers from learning about Canter's prior confinement under

California Welfare and Institutions Code § 5150.  For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 4 is GRANTED with respect to expert testimony and RESERVED with respect to testimony by the individual officer defendants.

**Plaintiffs' Motion in Limine No. 5**

Plaintiffs move under Federal Rules of Evidence 401 and 403 to preclude any reference to the violation of any protective orders by Roger Clark, whom they intend to call as an expert witness.  For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 5 is GRANTED.

**Plaintiffs' Motion in Limine No. 6**

Plaintiffs move under Federal Rules of Evidence 401 and 403 to preclude any reference to the negative impact(s) that a verdict for Plaintiffs would have on the individual officer defendants.  For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 6 is GRANTED.

**Plaintiffs' Motion in Limine No. 7**

Plaintiffs move under Federal Rules of Evidence 403 and 702 to preclude the admission of exhibits K and P of the expert report of defense expert Craig Fries. The parties reached agreement with respect to exhibit K, leaving only exhibit P, the computer animation, at issue. For the reasons set forth on the record, Plaintiffs' Motion in Limine is GRANTED with respect to exhibit P.

**Plaintiffs' Motion in Limine No. 8**

Plaintiffs move under Federal Rule of Civil Procedure 26(a)(2) to exclude any undisclosed experts or late-produced expert reports.  Plaintiffs also filed a separate, but associated, motion to limit the scope of testimony by Venu Gopal, M.D.  (ECF No. 75.)  For the reasons set forth on the record, Plaintiffs' Motions in Limine are GRANTED with respect to any expert opinions that he forms now or that were not offered in his coroner's report.  Dr. Gopal may, however, testify to his report, any errors in that report, and information about Canter's autopsy for which he has personal knowledge.

///

**Plaintiffs' Motion in Limine No. 9**

Plaintiffs' move to admit the jury verdict in *Enriquez et al. v. City of Fresno et al.*, Case No. 1:10-cv-00581-AWI-DLB.  For the reasons set forth on the record, Plaintiffs' Motion in Limine No. 9 is DENIED.

## DEFENDANTS' MOTIONS IN LIMINE

**Defendants' Motion in Limine No. 1**

Defendants move under Federal Rule of Evidence 404 to exclude evidence of Defendant Louchren's instances of past officer misconduct.  For the reasons set forth on the record, Defendants' Motion in Limine No. 1 is GRANTED; provided, however, that these instances may be used for impeachment purposes if Defendants open the door to this topic.

**Defendants' Motion in Limine No. 2**

Defendants move under Federal Rule of Evidence 401 and 404(a) to exclude any reference to Canter's prior mental health history not known to Defendant officers at the time of the shooting. For the reasons set forth on the record, Defendants' Motion in Limine No. 2 is DENIED. The parties are invited to propose jury instructions limiting the use of this evidence to the particular causes of action for which it is admitted.

**Defendants' Motion in Limine No. 3**

Defendants move under Federal Rule of Evidence 407 to exclude any reference to policy changes by the City of Fresno following the shooting. For the reasons set forth on the record, Defendants' Motion in Limine No. 3 is GRANTED with respect to any policy that was published after the date of the shooting.

**Defendants' Motion in Limine No. 4**

Defendants move under Federal Rule of Evidence 703 to exclude expert testimony on studies or articles published after the date of the shooting. The parties were directed to submit supplemental briefing, as explained on the record, no later than **May 31, 2016**, on studies or articles subject to this motion.

\\\

1  The parties did not submit any supplemental briefing. Thus, the motion is RESERVED for determination at trial.

IT IS SO ORDERED.

Dated:   **June 1, 2016**                              /s/ *Erica P. Grosjean*
                                                                UNITED STATES MAGISTRATE JUDGE