1   Bruce D. Praet, SBN 119430
    FERGUSON, PRAET & SHERMAN
2   A Professional Corporation
    1631 East 18th Street
3   Santa Ana, California 92705
    (714) 953-5300 Telephone
4   (714) 953-1143 Facsimile
    BPraet@aol.com
5
    Attorneys for Defendants
6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JERRY WAYNE KNOX, et al.,            )   No. 1:14-CV-0799 EPG
                                         )
12              Plaintiff,               )   **DEFENDANTS'**
                                         )   **SUPPLEMENTAL BRIEF RE:**
13      vs.                              )   **LIMITATION ON USE OF**
                                         )   **DEFENDANT POLICIES**
14  CITY OF FRESNO, a municipal          )
    corporation, JERRY DYER, individually )  **TRIAL: June 14, 2016**
15  and in his capacity as Chief of Police for )  **TIME: 8:30 a.m.**
    the CITY OF FRESNO,                  )   **COURTROOM: 10**
16                                       )
                Defendants.              )
17  _____ )

18      1.   __PREFATORY STATEMENT.__

19          In ruling on Defendants' Limine Motion #3 at the hearing on May 27, 2016,

20  this Court held that subsequent policies were inadmissible for all purposes.

21  However, the Court raised a question as to the admissibility and scope of any

22  application of Fresno Police policies which were in effect at the time of this

23  incident in March, 2014.  As more fully set forth below, the Court was correct in

24  noting that compliance with or violation of department policy cannot be

25  considered with respect to alleged constitutional violations.

26          However, because Plaintiffs continue to assert a state claim of "negligence",

27  the Court appropriately raised the question to what extent, if any, can Fresno

28  Police policies and procedures be considered as to state claims?  Unfortunately,

                                      1

1   the answer to that question is not exactly straightforward.  In addition to adding

2   another split standard between federal and state law claims, California law

3   expressly prohibits the use of department policy to establish a presumption of

4   negligence.  Even if department policy may be given limited consideration as to

5   state claims, these state claims necessarily invoke several statutory immunities.

6   **2.      FRESNO POLICIES AND PROCEDURES CANNOT BE**

7   **CONSIDERED WITH RESPECT TO FEDERAL CLAIMS.**

8        As the Court correctly noted during oral argument, department policies are

9   simply not relevant to whether individual officers committed a constitutional

10  violation.  Cf. *Roguz v. Walsh, 2013 U.S. Dist. LEXIS 50985, *22-23 (D. Conn.*

11  *2013)*[1] This is because the U.S. Supreme Court has determined that local policies

12  and procedures are "an unreliable gauge by which to measure the objectivity

13  and/or reasonableness of police conduct".  *Whren v. United States, 517 U.S. 806,*

14  *815 (1996).*  As to determining individual liability under federal law, the only

15  question is whether the conduct of the officers was "objectively reasonable".

16       While Fresno policies and procedures might be relevant to determining

17  municipal liability under *Monell,* Plaintiffs have made it clear that they actually

18  find Fresno written policies to be well written.  Their only issues under *Monell* are

19  whether the City itself maintained some sort of unconstitutional custom or practice

20  which will be addressed, if at all, in phase two.

21  *///*

22

23  *///*

24

25

26       [1]The <u>only</u> relevance department policy might have with respect to

27  constitutional allegations is to establish that officers were acting within course and
    scope.  However, in the instant case, Defendants have stipulated to course and

28  scope.

### 3.    THE LIMITED INTRODUCTION OF DEPARTMENT POLICIES FOR STATE CLAIMS RAISES ADDITIONAL ISSUES OF IMMUNITY.

Among their "negligence" theories, Plaintiffs have suggested that the Defendant officers' failure to consider Veronica Canter as having mental health issues led to the officers failing to follow their own Fresno Police Procedure 418 [Copy attached as exhibit "1" for the Court's reference] which provides several considerations officers should make when dealing with a suspected mental health case.  While it will be up to the jury to determine whether officers should have even considered this a mental health case, the admissibility of Fresno Police Procedure 418 (and perhaps others) as to the existence of any threshold "duty" for negligence must be determined.

*California Evidence Code § 669.1* was enacted several years ago to expressly prohibit the use of department policies and procedures to establish a legal duty as a presumption of negligence.  While 669.1 forbids the use of department policies to establish a legal duty for negligence, it arguably may not completely bar the introduction of the policy itself for consideration as to whether the officers' pre-shooting conduct was reasonable.  However, as the court pointed out in *Strong v. State of California, 201 Cal.App.4th 1439, 1452 (2011),* "duty is only the threshold issue, beyond which remain the immunity barriers".

While Plaintiffs certainly retain the ability to pursue dual or even conflicting theories of liability, Plaintiffs' state "negligence" theories necessarily raise these unique state law immunities which will not be applicable to their federal claims. For example, with respect to the allegation that Officers Cox and Louchren may have neglected to consider or diagnose Veronica Canter as suffering from some sort of mental health problem, it will be necessary to separately instruct the jury with respect to the immunity provided by *California Government Code § 855.8* [immunity for injury resulting from diagnosing or failing to diagnose that a person

1  is afflicted with mental illness].  Similarly, because Procedure 418 is written in

2  terms of discretionary considerations (e.g. "should"), it will also be necessary to

3  separately instruct the jury with respect to the immunity provided *California*

4  *Government Code § 820.2.* [immunity for discretionary act or omission, whether

5  or not such discretion was abused]

6       Whether Plaintiffs ultimately decide to retain their state "negligence" claims

7  in light of the dual/conflicting state and federal standards, unique state immunities

8  and other applicable jury instructions (e.g. comparative fault), it is clear that such

9  claims will substantially increase the potential for jury confusion and

10 misapplication of the law.

11     **4.**    <u>**FRESNO POLICIES MUST BE EXPRESSLY LIMITED.**</u>

12      In the event Plaintiffs continue to insist on maintaining their state

13 "negligence" claims, a limiting instruction as to the application of Fresno policies

14 and procedures will be required in addition to all of the other state related jury

15 instructions.  In this regard, Defendants would respectfully request that the Court

16 give a limiting instruction at the time such policies/procedures are introduced and

17 again at the close of evidence:

18         "Ladies and gentlemen, evidence consisting of policies and

19         procedures of the Fresno Police Department has been introduced.

20         You may not consider such information in determining whether

21         the officers acted reasonably with respect to any of Plaintiffs'

22         federal claims which will be outlined for you in later instructions.

23         While you may consider such policies or procedures as a factor

24         in the totality of the circumstances in determining whether the

25         officers acted negligently as a part of Plaintiffs' state law claims,

26         these policies and procedures may not be considered as imposing

27         a legal duty on the officers to act in accordance with such policies

28         and procedures."

1  While Defendants remain unsure that such a limiting instruction will be

2  sufficient to insure that the jury does not misapply or over extend these

3  policies/procedures to improperly establish a non-existent legal "duty", the

4  absence of any such instruction would almost certainly result in the jury's

5  improper consideration of such evidence as imposing legal standards.

6  **5.    CONCLUSION.**

7  As noted, experience dictates that "negligence" claims are usually dismissed

8  before trial because of the differing legal standards and immunities.  However,

9  since Plaintiffs presently seem determined to proceed under both federal and state

10  theories, the introduction of Fresno policies/procedures must be carefully limited

11  to Plaintiffs' "negligence" claim under the limited extent permitted by state law..

12  Similarly, Defendants will also separately provide the Court with proposed jury

13  instructions with respect to the elements of such a claim under separate cover.

14  DATED: June 3, 2016                      FERGUSON, PRAET & SHERMAN
                                             A Professional Corporation

15

16                                   By:   /s/   Bruce D. Praet
17                                         Bruce D. Praet, Attorneys for
                                           Defendants

18

19

20

21

22

23

24

25

26

27

28