**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | **Case No. 1:14-cv-00799-EPG**<br><br>**ORDER ON MOTION TO AMEND FIRST AMENDED COMPLAINT**<br><br>(ECF No. 90) |

On June 13, 2016, this Court heard the Motion to Amend the First Amended Complaint of Plaintiffs Doris Ray Knox, Jerry Wayne Knox, and Jeremy Edward Moore ("Plaintiffs"). (ECF No. 90.)  Plaintiffs appeared by counsel Arturo Gonzalez, Wesley Overson, Robert Esposito, and Sabrina Larson.  Defendants appeared by counsel Bruce Praet.  The Court further considered the arguments of counsel on the record at the time of the hearing.  The Court ruled from the bench on the motion and incorporates that ruling herein.  For the reasons described on

the record and in this Order, the Court issues the following written order confirming its rulings on Plaintiffs' motion to amend.

Plaintiff asks for leave to amend the First Amended Complaint to claim that the City of Fresno is directly liable under a negligence theory for failing to properly train Defendants Edward Louchren and Douglas Cox. For the reasons described in detail at the May 27, 2016 hearing, Plaintiffs' First Amended Complaint only asserted liability against the City of Fresno for negligence based on a vicarious liability theory. The Court does not believe that the First Amended Complaint alleges a direct negligence claim against the City of Fresno.

Federal Rule of Civil Procedure 15(a) provides that amendments shall be granted "freely when justice so requires." The Ninth Circuit Court of Appeals has held that "this standard changes and becomes progressively more difficult to meet as litigation proceeds toward trial. Once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, modifications are allowed only upon a showing of 'good cause.' *See* Fed.R.Civ.P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992). And once a pretrial order has been entered pursuant to Rule 16(e) setting forth the parties and issues for trial, modifications are allowed 'only to prevent manifest injustice.'" *Byrd v. Guess*, 137 F.3d 1126, 1131-32 (9th Cir. 1998), *superseded by statute on other grounds*. "The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." *Id.*, *citing United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

The amendment that Plaintiffs seek is not a minor amendment. Rather, Plaintiffs seek a theory of liability that might render the City of Fresno liable even if the individual police officer defendants are not. Neither party provided any law establishing that such a claim is viable under the law. In other words, neither party showed that the City of Fresno could be

legally responsible for the death of Veronica Canter solely because it failed to adequately train its officers under a theory of negligence under California state law.

The Court conducted its own research, but found no Ninth Circuit or California case directly on point. Other jurisdictions have differed. Some jurisdictions, for example, impose a high burden of proving a special relationship between the parties, beyond any duty owed to the general public. *See, e.g., Velez v. City of New York*, 730 F.3d 128, 135 (2d Cir. 2013); *Valdez v. City of New* York, 18 N.Y.3d 69, 93 (2011). Others required a showing of gross negligence. The factual requirements vary as well, with some requiring evidence of types of training by similarly situated municipalities.

Simply put, these are complicated issues that should not be decided on the day before trial while final trial preparations are in progress. The Court is also mindful that this issue was raised only once the Court signaled its decision on *Monell* bifurcation and could thus be seen as a merely strategic end run around that decision and to place *Monell* liability facts before the jury in the individual liability phase.

Accordingly, the Court finds that no manifest injustice would result from the denial of leave to amend. The motion to amend (ECF No. 90) is DENIED.

IT IS SO ORDERED.

Dated:   **June 14, 2016**                          /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE