1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 DORIS RAY KNOX; JERRY WAYNE<br>KNOX; JEREMY EDWARD MOORE,<br>12 individually and as successor-in-interest to<br>VERONICA LYNN CANTER, deceased,<br>13 | **Case No. 1:14-cv-00799-EPG**<br><br>**ORDER ON PLAINTIFFS' MOTION<br>FOR NEW TRIAL** |

14          Plaintiffs,                    (ECF No. 178)

15   v.

16   CITY OF FRESNO, a municipal
     corporation;
17   EDWARD CHRISTOPHER LOUCHREN,
     individually and in his capacity as a police
18   officer for the CITY OF FRESNO;
     DOUGLAS EDWARD COX, individually
19   and in his capacity as a police officer for the
     CITY OF FRESNO,
20
              Defendants.
21

22          Plaintiffs have moved this Court for a new trial under Federal Rule of Civil Procedure

23   59 on the basis that the Court did not grant Plaintiffs' request to amend Ninth Circuit Model

24   Instruction 9.23.  For the reasons discussed below, the Court denies Plaintiffs' motion.

25   **I.      PROCEDURAL HISTORY**

26          The parties first proposed jury instructions on June 3, 2016.  (ECF Nos. 98, 99, 102,

27   103, 109, 110.)  In one of Plaintiffs' first submissions of proposed jury instructions, they

28   proposed using Ninth Circuit Model Civil Jury Instructions 9.23 (2016) on the question of

"Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive (Deadly and Nondeadly) Force." (ECF No. 109, at 8.) As proposed by Plaintiffs, that instruction provided in part:

> Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. An officer's intent or motive is not relevant to your inquiry. In determining whether Defendants Cox and Louchren used excessive force in this case, consider all of the circumstances known to them on the scene, including:

(ECF No. 109, at 8.) Plaintiffs' proposed instruction went on to list 10 relevant factors including "whether it should have been apparent to the officers that the person they used force against was emotionally disturbed." (ECF No. 109, at 9.)

Between June 3 and June 13, Plaintiffs filed many documents regarding jury instructions, including objections to certain of Defendants' jury instructions and additional proposed jury instructions. (ECF No. 125, 128, 129, 130.) Nowhere in these submissions did Plaintiffs suggest any change to their Proposed Instruction regarding the Fourth Amendment.

The Court reviewed the parties' proposed instructions and submitted its consolidated proposed set of jury instructions to the parties by e-mail on June 10. The Court then held argument regarding proposed jury instructions on June 13, 2016, the day before trial. (ECF No. 133.) Plaintiff again did not provide any objection or amendment to the previously proposed instruction on the Fourth Amendment claim. The Court ruled on all outstanding objections addressed at the June 13 hearing and later provided the parties with copies of the draft jury instructions once the trial had started.

The jury trial began on June 14, 2016 and evidence was presented through June 16, 2016. The parties concluded their presentation of evidence in the afternoon of June 16, 2016, and the Court recessed until 9:00 am of June 17 for closing arguments and deliberation. The Court emailed a final version of the jury instructions to counsel at 3:11 p.m. following conclusion of the evidence.

2

Later on June 16, at 5:20 p.m., Plaintiffs filed Plaintiffs' Request for Amendment to Jury Instruction No. 18.  (ECF No. 151.)  For the first time, Plaintiffs proposed an amendment to their own proposed jury instruction on the Fourth Amendment claim, proposing to change the phrase from "In determining whether Defendants Cox and Louchren used excessive force in this case, consider all of the circumstances ***known to them*** on the scene, including:" to "In determining whether Defendants Cox and Louchren used excessive force in this case, consider all of the circumstances ***that they knew or should have known*** on the scene, including . . . ." The remainder of the instruction remained the same.  Plaintiffs did not alert the Court (or defense counsel) to this submission besides filing electronically via CM/ECF.

The Court convened for closing arguments shortly before 9 a.m. on June 17, 2016.  As the Court prepared to call in the jury, Plaintiffs noted their proposed amendment, which the Court (and defense counsel) had not yet seen.  The Court heard from both sides and overruled the objection.  The Court noted that the instruction as finalized for the jury was the model Ninth Circuit instruction.

On July 15, 2016, Plaintiffs moved for a new trial on the basis of the Court failing to grant its amendment to the proposed model instruction.  (ECF No. 178.)

## II.    TIMELINESS OF OBJECTION

Federal Rule of Civil Procedure 51 governs objections to jury instructions to preserve a claim of error.  That rule provides:

(a) **Requests.**

(1) ***Before or at the Close of the Evidence.*** At the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give.
(2) ***After the Close of the Evidence.*** After the close of the evidence, a party may:
(A) file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests; and
(B) with the court's permission, file untimely requests for instructions on any issue.

**(b) Instructions.** The court:

    **(1)** must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments;

    **(2)** must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered; and

    **(3)** may instruct the jury at any time before the jury is discharged.

**(c) Objections.**

    **(1)** *How to Make.* A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.

    **(2)** *When to Make.* An objection is timely if:

        **(A)** a party objects at the opportunity provided under **Rule 51**(b)(2); or

        **(B)** a party was not informed of an instruction or action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been, given or refused.

**(d) Assigning Error; Plain Error.**

    **(1)** *Assigning Error.* A party may assign as error:

        **(A)** an error in an instruction actually given, if that party properly objected; or

        **(B)** a failure to give an instruction, if that party properly requested it and--unless the court rejected the request in a definitive **ruling** on the record--also properly objected.

    **(2)** *Plain Error.* A court may consider a plain error in the instructions that has not been preserved as required by **Rule 51**(d)(1) if the error affects substantial rights.

Here the objection was made after evidence had closed.[1]  Plaintiffs did not meet the criteria for objecting after the close of evidence because they did not "file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests."  Fed. R. Civ. P. 51(a)(1).  On the contrary, this issue had been addressed

---

[1] At oral argument, Plaintiffs argued that closing argument should be considered evidence under this rule, but this is clearly incorrect.  Closing argument is not evidence.  *Runningeagle v. Ryan*, 686 F.3d 758, 782 (9th Cir. 2012). The parties had closed their submission of evidence before the proposed amendment was filed.

4

1   since the first proposal of jury instructions and concerned an instruction that directly concerned
2   one of Plaintiffs' claims in the case.  Nor had the Court given permission to file an untimely
3   request for instruction under Rule 51(a)(2)(b).

4          Notably, the Court had complied with Rule 51(b).  On June 10, the Court had sent
5   proposed instructions and proposed action on the requests to the parties.  It also gave the parties
6   an opportunity to object at a hearing for that purpose on June 13, the day before trial.

7          Plaintiffs also do not satisfy the criteria for a timely objection as provided in Rule
8   51(c)(2) because Plaintiffs did not object at the opportunity proived under rule 51(b)(2), *i.e.* the
9   hearing on June 13.  This is also not a case where Plaintiffs were not informed of the
10  instruction, as they themselves provided the proposed instruction originally.

11         Rule 51 concludes by stating that "A court may consider a plain error in the instructions
12  that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights,"
13  but notably leaves that to the discretion of the court.

14         Thus, under the plain terms of Rule 51, Plaintiffs' request to amend their own proposed
15  instructions was untimely.

16         This is not just a technicality.  The Court provided ample time to receive proposed
17  instructions and hear argument so that it could carefully adhere to the law in its instructions.  It
18  received and reviewed multiple submissions by both parties, submitted the proposed
19  instructions to the parties well in advance of the trial, set aside time to hear argument, and
20  carefully considered each instruction.  It then provided those instructions in final form to the
21  parties in advance of their closing argument so the parties could correctly refer to the law in
22  argument.

23         Plaintiffs' timing eliminated any opportunity for the Court to engage in a deliberate
24  consideration.  The Court first learned of the proposed amendment just as it was calling the jury
25  in for closing argument.  The jury was waiting.  The packed courtroom was waiting.  Plaintiffs
26  were not pointing to a clerical error—they were requesting a change to a model instruction,
27  over Defendants' opposition.  To rule on such a change would require examination of Ninth
28  Circuit and Supreme Court case law to determine if the model instruction was in fact incorrect.

After all, Plaintiffs were not relying on a case blessing their jury instruction as the correct standard notwithstanding the Model Jury Instruction.  As described further below, Plaintiffs' argument relies on Ninth Circuit common law in the Fourth Amendment contenxt.  Plaintiffs' objection required consideration that the Court could not provide when the objection was made.

Plaintiffs' motion for new trial is thus denied because Plaintiffs failed to make a timely objection to their own proposed instruction under Rule 51.

**III.     WHETHER THE JURY INSTRUCTION CORRECTLY STATED THE LAW**

The parties dispute whether Plaintiffs' proposed amendment correctly states the law.  Again, the jury instruction as given to the jury was the Model Ninth Circuit instruction.  Nevertheless, Plaintiff claims that the phrase "consider all of the circumstances known to them on the scene" is an erroneous statement of the law.

Defendants, on the other hand, contend that the jury instruction as presented comports with the Supreme Court's explanation of the Fourth Amendment in *Graham v. Connor*, 490 Ul.S. 386 (1989).  In that case, the Court set forth the standards as follows: "As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id.* at 397.  While "circumstances confronting them" is not exactly the same words in the model instruction, i.e., "all of the circumstances known to them," it is substantially the same.  Notably, *Graham* does not use the language proposed by Plaintiff.

Indeed, Plaintiffs do not cite any case claiming that Fourth Amendment jury instructions must include the language Plaintiffs proposed, nor do they cite any case that includes such language in describing the relevant test for a Fourth Amendment claim.  Rather, plaintiffs cite *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011) in support of their argument that the Ninth Circuit has considered what officers should have known in the context of excessive force cases.  In *Torres*, the 9th Circuit provided the following guidance on a Fourth Amendment claim for excessive force:

An objectively unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's prohibition against unreasonable seizures. Determining the reasonableness of an officer's actions is a highly fact-intensive task for which <u>there</u> are no per se rules. We recognize that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation, and that these judgments are sometimes informed by errors in perception of the actual surrounding facts.

Not all errors in perception or judgment, however, are reasonable. While we do not judge the reasonableness of an officer's actions with the 20/20 vision of hindsight, nor does the Constitution forgive an officer's every mistake.  Rather, we adopt the perspective of a reasonable officer on the scene . . . in light of the facts and circumstances confronting her.  Where an officer's particular use of force is based on a mistake of fact, we ask whether a reasonable officer would have or *should* have accurately perceived that fact.

Standing in the shoes of the "<u>reasonable</u> officer," we then ask whether the severity of force applied was balanced by the need for such force considering the totality of the circumstances, including (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight.

*Id.* at 1124 (internal quotations and citations omitted).  The jury instruction as given closely followed the Ninth Circuit's direction even in the *Torres* case that "we adopt the perspective of a reasonable officer on the scene ... in light of the facts and circumstances confronting her."

Plaintiffs use *Torres* to argue that the facts of this case warranted an amendment to that instruction to explicitly ask the jury to consider what an officer "should have known," because, Plaintiffs argue, this case concerned an alleged mistake of fact.  Specifically, Plaintiffs contend that the defendant officers in this case mistakenly assumed that the decedent, who was ultimately shot by the officers, was not mentally ill.  Plaintiffs contend the officers should have known facts pointing to her being mentally ill at the time.

Based on *Torres*, and given ample time to consider, this Court finds it would not have been error to add the phrase "should have known" to the jury instruction.  That said, the instruction as delivered without that phrase was not legal error.  For this purpose it is worth looking at the entire instruction a given to the jury, which taken as a whole comports with the Fourth Amendment and Ninth Circuit's explanation of the Fourth Amendment:

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself.  Thus, in order to prove an unreasonable seizure in this case, Plaintiffs must prove by a preponderance of the evidence that Defendants Cox and Louchren used excessive force.

Under the Fourth Amendment, a police officer may only use such force as is 'objectively reasonable' under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  An officer's intent or motive is not relevant to your inquiry.

In determining whether Defendants Cox and Louchren used excessive force in this case, consider all of the circumstances known to them on the scene, including:

1. The severity of the crime of other circumstances to which the officers were responding;
2. Whether Veronica Canter posed an immediate threat to the safety of the officers or to the others;
3. Whether Veronica Canter was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;
5. The type and amount of force used;
6. The availability of alternative methods to subdue the plaintiff;
7. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability, i.e., which party created the dangerous situation, and which party is more innocent;
8. Whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;
9. Whether the officers were responding to a domestic violence disturbance; and
10. Whether it should have been apparent to the officers that the person they used force against was emotionally disturbed.

(ECF No. 160, at 21-22.)  The jury instruction thus properly set forth the test:  whether an officer uses excessive force.  It correctly explained how "[u]nder the Fourth Amendment, a police officer may only use such force as is 'objectively reasonable' under all of the circumstances."  It correctly asked the jury to consider "the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of

8

hindsight." And it listed a number of factors including "[w]hether it should have been apparent to the officers that the person they used force against was emotionally disturbed." This explanation of the Fourth Amendment comports with Supreme Court and Ninth Circuit law without the additional phrase proposed by Plaintiffs.

Indeed, the instruction as given also comports with another Ninth Circuit case cited by Plaintiffs: *Jensen v. City of Oxnard*, 145 F.3d 1078, 1086 (9th Cir. 1998). In that case, the Ninth Circuit noted that there were factual questions regarding the reasonableness of force, including whether "he should have been able to recognize that the figure he was shooting was a fellow officer." *Id.* at 1086. Plaintiffs use this case to claim that the jurors should have been told to consider what an officer should have known. Notably, however, the Ninth Circuit even in the *Jensen* case describes the law in almost the same way as the jury instruction given to the jury here, as "an objective one: the question is whether the officers' actions are 'objectively reasonable' ***in light of the facts and circumstances confronting them***, without regard to their underlying intent or motivation." *Id* (emphasis added). Again, even in the *Jensen* case, the Ninth Circuit does not describe the Fourth Amendment question is one involving "all of the circumstances ***that they knew or should have known*** on the scene" as Plaintiffs argue.

Perhaps one can square the Ninth Circuit's consideration of certain facts in these cases with the legal standard as set forth in *Graham* by considering that what the officer "should have known" in the end still comes down to the circumstances "confronting them at the time." After all, not even Plaintiffs contend that the jury should consider something that could never be apparent to Defendants. Instead, Plaintiffs contend that there was something in the circumstances that confronted the officers at the time that could have led them to consider something else. The inquiry is still properly always on the facts and circumstances confronting the officers at the time, and their reasonableness includes whether they made reasonable inquiries and took reasonable actions based on what they knew. In this way, both the model jury instruction and Plaintiffs' proposed instruction are legally correct, but have different emphases.

In the end, given that "no *per se* rules" govern the Fourth Amendment excessive force question, the jury instruction as given, which was the model instruction, correctly set forth the Fourth Amendment standard and was not an erroneous explanation of the law.  With all the time and consideration provided during the appropriate phase for objections, this Court may have sided with Plaintiffs and added the "should have known" language as well.  But it was not error to keep the model instruction as written in this case.

Plaintiffs' request for a new trial is DENIED.

IT IS SO ORDERED.

Dated:   **September 8, 2016**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE