# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | Case No. 1:14-cv-00799-EPG<br><br>**ORDER ON PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS**<br><br>(ECF Nos. 168, 174, 175) |

On May 27, 2014, Plaintiffs filed a complaint against Defendants alleging causes of action under 42 U.S.C. § 1983 arising out of the death of Veronica Canter, the daughter, stepdaughter, and mother of Doris Knox, Jerry Knox, and Jeremy Moore, respectively. The matter came before the Court for a jury trial on June 14, 2016. On June 20, 2016, the jury returned a verdict in favor of Defendants on all causes of action. The Court entered judgment in favor of Defendants shortly thereafter. On June 23, 2016, Defendants submitted a bill of costs, requesting an award of $14,973.10 in costs. (ECF No. 168.) Plaintiffs filed objections to

1

the bill of costs on June 30, 2016. (ECF No. 174.) Defendants filed a reply and agreed to reduce the amount of costs requested to $10,812.99. (ECF No. 175.) Plaintiffs' objections to the bill of costs are now before the Court.

"Federal Rule of Civil Procedure 54(d)(1) provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Draper v. Rosario*, No. 14-16340, 2016 WL 4651407, at *11 (9th Cir. Sept. 7, 2016). The Ninth Circuit Court of Appeals has interpreted this rule as creating "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 n. 12 (9th Cir. 2003). The rule also "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

"Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not 'an exhaustive list of 'good reasons' for declining to award costs,' but rather a starting point for analysis." *Draper v. Rosario*, No. 14-16340, 2016 WL 4651407, at *11 (9th Cir. Sept. 7, 2016), *quoting Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "A losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

Plaintiffs' claims involved allegations that Defendants, police officers for the City of Fresno, violated Veronica Canter's constitutional rights by subjecting her to excessive force and causing her death. Plaintiffs contended that Defendants knew or should have known that Canter was mentally ill or unstable at the time of their encounter and that they should have acted with more restraint in approaching her. The case thus involved a topic of substantial public importance—the situations and circumstances under which police officers can use lethal force against mentally ill individuals. *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1062 (9th Cir. 2010) ("We have difficulty imagining a more important issue than the legality of state-sanctioned force resulting in death. It is obviously of supreme importance to anyone who might

be subject to such force. But it is also of great importance to a law enforcement officer who is placed in a situation where deadly force may be appropriate."); *Washburn v. Fagan*, Case No. C03-00869 MJJ, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008) (despite lack of *Monell* claims at trial, "action raised important issues regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents").

The issues in the case were relatively close, as well. The jury was offered conflicting accounts of what transpired after Defendants Louchren and Cox entered the apartment that Canter was in—the officers testified that Canter was brandishing knives from an elevated position on top of a sofa when she was shot and killed, while at least one witness testified that she had not reached an elevated position on the sofa before she was shot. Many witnesses also differed on the timing and sequence of the shots fired by the officers. Much of the jury's decision thus turned on questions of credibility. While Plaintiffs did not ultimately prevail, their case was not meritless. *Draper*, 2016 WL 4651407 at *12 (award of costs an abuse of discretion where "case turned on which competing account of events the jurors believed"); *Romero v. Frederick*, Case No. C05-03014 MJJ, 2008 WL 142359, at *2 (N.D. Cal. Jan. 14, 2008) ("The closeness of the case also leads the Court to conclude that an award of costs would be inequitable in this situation. There was conflicting testimony presented at trial regarding Defendants' conduct and use of force.").

Two of the factors considered involve Plaintiffs' financial resources. While Plaintiffs in this case did not proceed *in forma pauperis* and are not completely indigent, Plaintiffs have submitted declarations attesting to their limited financial resources. (ECF Nos. 174-3, 174-4.) They have also been represented in this case by *pro bono* counsel and have not paid any of the expenses incurred in this litigation. Defendants note that the City of Fresno is not "some wealthy corporation" and argues that courts in at least one circuit have rejected the comparison of relative wealth between the parties, but the Ninth Circuit Court of Appeals has explicitly used such comparisons in examining bills of costs. *Draper*, 2016 WL 4651407 at *13 ("[Plaintiff] represented himself in this litigation for several years, until the district court appointed pro bono counsel. There is no comparison between Draper's limited resources and

3

those of the state of California, which bore the defense costs."); *Ass'n of Mexican-American Educators*, 231 F.3d at 593 (affirming refusal to award costs based on "great economic disparity" between the parties). Even if the City of Fresno is not a large or wealthy business, it is assuredly on firmer financial footing than Plaintiffs in this case.

      Considering the totality of the circumstances and for the reasons set forth above, the Court finds that the requested award of costs would be inequitable. The Court thus sustains Plaintiffs objections to the bill of costs and declines to award costs in this matter.

IT IS SO ORDERED.

Dated: **September 22, 2016**     /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE